Sue Ellen MARTIN, a/k/a Sue Ellen
Wallis–Martin, Appellant
(Defendant),

v.

Curtis William MARTIN,
Appellee (Plaintiff).

No. 90–11.

Supreme Court of Wyoming.

Sept. 27, 1990.

John M. Burman, Faculty Supervisor, and Gayla R. Lindquist (argued), Student Intern, Wyoming Legal Services, Laramie, for appellant.

Ronald D. Copenhaver (argued), Laramie, for appellee.

Before CARDINE, C.J.*, and
THOMAS, URBIGKIT, MACY and
GOLDEN, JJ.

CARDINE, Chief Justice.

The question here presented is whether a district court abused its discretion by entering a divorce decree that provides future automatic modification of child custody from a six-month/six-month joint custody to a nine-month/three-month custody if one parent moves from Laramie, Wyoming. We hold that this provision for automatic future modification is an abuse of discretion and vacate those provisions of the divorce decree.

Appellee, Curtiss William Martin (husband), sought and was granted a divorce from appellant, Sue Ellen Wallis–Martin (wife). The record is brief and demonstrates that the parties' divorce was unusually amicable. The basic custody provision is found in paragraph 2a of the decree entered by the court. Paragraph 2b provides,

"The six month for [wife] and then the six month for [husband], custody provisions shall continue so long as both parties reside in Laramie, Albany County, Wyoming and so long as the children or child are under the age of majority."

Paragraphs 3 and 4 contain these provisions:

"3. That in the event that either party moves from Laramie, Albany County, Wyoming, the care, custody and maintenance of the parties' children shall be

---

* Chief Justice at time of oral argument.

322

modified so that the person remaining in Laramie, Wyoming will have the care, custody and maintenance of the parties' minor children for nine (9) months and the party who moves from Laramie, shall have custody for three (3) months. This is so the children will have a stable home, be near their friends and family and remain in the school system. That the nine (9) month—three (3) month custody arrangement will be set up around the children's school schedule and will not interfere with their schooling. The alternating of holidays and weekends will remain the same.

"4. That the party who has custody of the minor children for the three (3) month period will be responsible for and obligated to pay the other party child support in the amount of 8% of her or his gross salary, per child, per month, for the nine months that they do not have the care and custody of the minor children. In the event that this becomes necessary, said child support is to be paid to the respective party through the Clerk of District Court, Laramie, Wyoming, and the party paying child support will be obligated to comply with W.S. 20–2–113, which includes, but not limited to the filing of Income Withholding Orders and Confidential Statements."

Wife appeals from the decree and raises these issues:

"Whether the trial court abused its discretion in conditioning continuation of a six-month, six-month split of physical custody upon both parents remaining in Laramie, Wyoming.

"I. Was the trial court's conditioning continuation of the custody arrangement in the best interests of the children?

"II. Was the trial court's conditioning continuation of the custody arrangement an unconstitutional infringement upon the parents' right to travel?"

In response, husband argues:

"I. The trial court did not abuse its discretion, nor was there a violation of some legal principle, when the trial court found that it was in the children's best interests to alter the custody arrange-ments when one party moved from Laramie.

"II. The appellant's appeal is without merit and there is no good cause for the bringing of this appeal, so that appellee should be awarded costs and expenses."

The proceedings before the district court were not reported, and the facts are as presented in a joint statement of evidence and proceedings included in the record in accordance with W.R.A.P. 4.03. Of significance for this appeal are only the facts that the husband considered a six-month split of custody a viable option and that he believed they could arrange that situation without it causing problems for the children. The husband, however, preferred a nine-month/three-month split, and felt that the six-month/six-month split would be appropriate only while both parents lived in Laramie. Wife preferred a nine-month/three-month split in her favor, and indicated that she planned to finish her schooling work at the University of Wyoming in the spring of 1992 and would probably relocate depending upon where she could find a job. The ultimate result of the child custody provisions of the divorce decree is that neither parent is the primary custodian of the children.

■ We note at the outset that divided child custody arrangements are not favored. *Feaster v. Feaster*, 721 P.2d 1095, 1098 (Wyo.1986); *Ayling v. Ayling*, 661 P.2d 1054, 1055 n. 3 (Wyo.1983). The circumstances that have arisen in this case, so early on in what was otherwise a reasonably acrimony free divorce, demonstrates at least one reason why joint or split custody arrangements are viewed with disfavor. However, our well-established rule for reviewing child custody decisions is that this court will not interfere with the decision of the trial court unless there is a procedural error or a clear abuse of discretion is shown. *Goss v. Goss*, 780 P.2d 306, 313 (Wyo.1989); *Deen v. Deen*, 774 P.2d 621, 622 (Wyo.1989). The test for child custody is the best interests of the child. *Gaines v. Doby*, 773 P.2d 442, 445–46 (Wyo.1989); *Fanning v. Fanning*, 717 P.2d 346, 348–49 (Wyo.1986). We cannot conclude that the

district court's decision to divide custody on the six-month/six-month basis was an abuse of discretion in this case. We suggest, however, that such arrangements may in some circumstances cross over that line. Here, both parents live in Laramie, and there is apparently no disruption of the children's lives or school life because of this custody arrangement.

■ The district court's anticipatory conclusion that the best interests of the children will be served by a nine-month/three-month split in favor of the parent remaining in Laramie is an abuse of discretion. As noted above, the test for child custody is the best interests of the children, and such a decision cannot be made without the district court having before it all facts necessary to make such a determination. What those facts may be, if and when one or the other parent leaves Laramie, can only be pure speculation at this point in time. Such speculation is not a substitute for complete analysis of all existing circumstances when and if a change in the established child custody arrangement becomes necessary. Moreover, a decision to change custody could not be made in the absence of notice and an opportunity to be heard. *Hall v. Hall*, 708 P.2d 416, 421 (Wyo.1985). Therefore, we direct that the district court strike paragraphs 2b, 3 and 4 of the decree.

In view of our disposition, we need not address appellee's contention that the appeal is without merit and that costs should be assessed against appellant pursuant to W.R.A.P. 10.05.

Paragraphs 2b, 3, and 4 of the decree of divorce are vacated. The decree is otherwise affirmed. Remanded to the district court with directions that the decree be so modified.