■ NEW YORK UNIVERSITY, Plaintiff, and TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Respondents, v ROYAL INSURANCE COMPANY, Appellant. [607 NYS2d 12] —Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered January 26, 1993, which, *inter alia,* granted the cross-motion for summary judgment pursuant to

CPLR 3212 by plaintiffs New York University ("NYU"), Tishman Construction Corporation of New York ("Tishman") and the Travelers Insurance Company ("Travelers") (collectively "plaintiffs"), declaring that defendant Royal is obligated to indemnify plaintiff Tishman for the $50,000 and its costs and attorney's fees incurred in an action entitled *Amore v New York Univ.* (Sup Ct, Kings County, index No. 14566/89 ["the *Amore* action"]), and which denied defendant Royal's cross-motion for summary judgment and denied, in part, its motion for disclosure, and order of the same court and Justice, entered July 1, 1993, which granted reargument, and, upon reargument, adhered to the court's original determination, unanimously affirmed, with costs. The underlying declaratory judgment action arises from the *Amore* personal injury action, brought against plaintiffs NYU and Tishman by Joseph Amore, a laborer employed by Giamboi Brothers, Inc. ("Giamboi") and A&M Wallboard Company ("A&M"), who allegedly fell at a construction site owned by plaintiff NYU at which plaintiff Tishman was the construction manager, alleging, *inter alia,* that the defendants had violated Labor Law § 241 (6).

The IAS Court properly determined that plaintiff Tishman, as an Additional Insured on the policy of insurance issued by defendant Royal, was entitled to be indemnified by defendant Royal for settlement costs and attorney's fees incurred by Tishman in the defense of the *Amore* personal injury action.

Plaintiffs clearly established that the contract between Tishman and Giamboi, a sister corporation of A&M and the employer of Joseph Amore, provided that Giamboi was obligated to obtain an insurance policy naming Tishman as an Additional Insured; that Royal subsequently issued an insurance liability policy naming Giamboi and A&M as named insureds, and that the Royal policy, by a Blanket Additional Insured Endorsement, specifically named Tishman as an additional named insured with respect to operations by or on behalf of the named insureds.

In interpreting the language of the Blanket Additional Insured Endorsement, the IAS Court therefore properly determined that Tishman was insured under the Royal policy of liability insurance, naming Tishman as an Additional Insured, with respect to operations by or on behalf of Amore's employer, Giamboi and its wholly owned subsidiary, A&M, and that Royal was obligated to indemnify Tishman pursuant to the explicit language of Royal's policy, based upon the undis-

puted fact that the underlying accident occurred while the injured party was employed by the named insureds and that his accident occurred during the course of, and within the scope of that employment.

Nor did the IAS Court err in determining that there was a justiciable controversy between Tishman and Royal in the underlying declaratory judgment action, despite the fact that Tishman's defense and settlement costs for the *Amore* action were initially paid by Travelers, due to Tishman's deductible under its policy of insurance with Travelers which required Travelers to recoup from Tishman, *via* a Retrospective Premium Computation, any amounts it expended toward a judgment or settlement and for legal fees and expenses in personal injury actions, including the *Amore* action, up to a $250,000 limit for liability losses.

We have reviewed defendant's remaining claims and find them to be without merit. Concur—Carro, J. P., Rosenberger, Asch and Nardelli, JJ.