**In the Interest of EWR, a Minor:**

**ELR, Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

No. C–95–1.

Supreme Court of Wyoming.

Sept. 8, 1995.

Robert J. O'Neil of THE LEGAL CLINIC OF ROBERT J. O'NEIL, Gillette, for appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; and Barbara L. Boyer, Senior Assistant Attorney General, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

The appellant appeals from his conviction for criminal contempt of court which resulted from his willful failure to attend and successfully complete parenting classes.

We affirm.

## ISSUES

The appellant presents these issues for our review:

### I.

Did the trial Court have subject matter jurisdiction to order the defendant (appellant) to attend and successfully complete the parenting classes in question?

### II.

In the context of a criminal contempt proceeding, is it the burden of the State of Wyoming to prove "willfulness" as an essential element of criminal contempt or is [it] the burden of the defendant (appellant) to prove a lack of willfulness?

### III.

Did the State of Wyoming prove beyond a reasonable doubt that the defendant (appellant) willfully failed to attend parenting classes?

## FACTS

In September 1993, a minor was adjudged as being guilty of committing a delinquent act. A dispositional hearing was held on September 30, 1993, to determine his fate. At that hearing, the district judge ordered the father, the appellant in this case, to "attend and successfully complete parenting classes as arranged by the Campbell County Juvenile Probation Office." The mother and her husband were also required to complete the parenting classes.

Even though a probation officer recommended specific parenting classes to the appellant, he did not attend any classes. On April 21, 1994, the probation officer sent a letter to the appellant in which she reminded him that he had not yet complied with the district court's order and that he had an obligation to attend the parenting classes. The appellant still did not attend the classes. On July 15, 1994, an information was filed which charged the appellant with criminal contempt of court on the grounds that he had not complied with the district court's order. After holding a hearing on the charge, the district court found that the appellant was in criminal contempt of court. The district court sentenced the appellant to serve a term of thirty days in the county jail but suspended the jail sentence on the condition that the appellant would "immediately begin to and faithfully attend" the parenting classes. This appeal followed.

## DISCUSSION

The criminal contempt action was initiated against the appellant under Wyoming's juvenile court statutes. On July 15, 1994, when the information was filed, WYO.STAT. § 14-6-242 (1978) (amended 1995) provided:

Any person who willfully violates, neglects or refuses to obey or perform any order or provision of this act is liable for contempt of court and may be fined not more than five hundred dollars ($500.00) or imprisoned in the county jail not more than ninety (90) days, or both.

The action was prosecuted as an indirect (constructive) criminal contempt of court action governed by W.R.Cr.P. 42(a)(2). A person commits indirect criminal contempt of court under W.R.Cr.P. 42(a)(2)(C) when, outside of the court's presence and personal knowledge, the person disobeys any lawful order of the court.

The appellant contends that the district court did not have subject matter jurisdiction over this case because the order which required the appellant to attend parenting classes was not a lawful order. He argues that the order was not entered in compliance with Wyo.Stat. § 14-6-229(f)(vii) (1993) (amended 1995), which provided:

(f) As a part of any order of disposition and the terms and conditions thereof, the court may:

.     .     .     .

(vii) Order the child, or his parent, or both, to undergo evaluation and indicated treatment or another program designed to rectify problems which contributed to the adjudication.

The appellant insists that the order did not comply with the statute since the district court had not ordered him to be evaluated before it required him to attend the parenting classes and since the district court did not specifically find that the parenting classes constituted a "program designed to rectify problems which contributed to the adjudication."

The appellant is mistaken when he argues that the district court did not have subject matter jurisdiction over this case. In *GN v. State (In re C.N.)*, 816 P.2d 1282 (Wyo.1991), we stated that, even though the district court did not, under the then-existing juvenile court statutes, have the statutory authority to require the parents to attend a counseling program without them giving their consent, it did have jurisdiction over the parties and

the subject matter of the proceedings. 816 P.2d at 1284. *See also* Wyo.Stat. § 14-6-203(a)(iii) (1994). The same reasoning applies here. The district court had subject matter jurisdiction over this case.

■ The real issue is whether the district court had the statutory authority to order the appellant to attend parenting classes and, more specifically, whether the district court followed the proper procedures in entering its order. We must interpret the language of § 14-6-229(f)(vii) as it appeared on July 15, 1994, in order to answer this question.

■ Determining the lawmakers' intent is our primary focus when we are interpreting statutes. *Christensen v. Oedekoven*, 888 P.2d 228, 230 (Wyo.1995). Initially, we make " 'an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819 (1897)). We construe the statute as a whole, giving effect to each word, clause, and sentence, and we construe together all parts of the statute *in pari materia*. *Id.*

The appellant contends that the language of § 14-6-229(f)(vii) as it existed on July 15, 1994, should have been read as requiring that an evaluation be made in every case before a child or a parent may be ordered to undergo treatment or a program which is designed to rectify problems. We do not concur in the appellant's interpretation of the statutory language. The plain language of the statute reveals that the Legislature gave the district courts authority to require that a parent or a child undergo an evaluation and indicated treatment *or* undergo another program which was designed to rectify the problems which contributed to the adjudication. The phrase "evaluation and indicated treatment" denotes a single course of action. While an evaluation may be imperative in some cases, in other instances an evaluation may not be necessary in order for the district court to determine that a certain program may be beneficial in solving the problems which resulted in the minor's delinquent behavior. In

this case, the district court was aware that problems existed between the minor and his parents. The minor had a history of running away from his parents' homes when disputes occurred. Additionally, the appellant admitted that he was at a loss as to what to do when the minor refused to follow the household rules. The district court acted within its statutory authority in ordering the appellant to attend parenting classes without first directing that he be evaluated.

■ The appellant also contends that the district court's order was unlawful because the district court failed to specifically find that the parenting classes constituted a "program designed to rectify problems which contributed to the adjudication." Initially, we note that the statute does not require the district court to make that specific finding. Evidence was presented to the district court which established that the parents had problems with discipline and rule enforcement within their households and that these problems contributed to the commission of the delinquent act. Since the parenting classes addressed discipline and communication issues, the classes constituted a program which was designed to rectify the problems that contributed to the adjudication. The district court properly ordered the appellant to attend the classes.

■ Even if the district court's order had been unlawful, the appellant could not simply choose to ignore its provisions. Failure to comply with a court order, notwithstanding the fact that it may be erroneous, may be considered to be a contempt of court. *See GN*, 816 P.2d at 1285; *see also Leyba v. State*, 882 P.2d 863, 865 (Wyo.1994). The remedy which was available to the appellant was to appeal the order, not to make himself the judge of the validity of the order by his inactivity. *GN*, 816 P.2d at 1285.

■ In his second issue, the appellant questions whether the State had the burden of proving that he willfully violated the district court's order or whether the appellant had the burden of proving that his violation was not willful. This issue was precipitated by the district court's finding that, "when the State of Wyoming has shown the other nec-

essary elements of criminal contempt of court in the above juvenile proceeding, the burden shifts to the defendant to show a lack of willfulness." We do not approve of the district court's decision to assign the burden of proof to the defendant for the "willfulness" element of the crime of criminal contempt under § 14–6–242.

■ This Court has recognized that criminal contempt "is a crime in every fundamental respect." *Skinner v. State*, 838 P.2d 715, 722 n. 5 (Wyo.1992). The State carries the burden of proving that the accused is guilty by establishing every essential element of the crime. *See Witt v. State*, 892 P.2d 132, 143 (Wyo.1995). We indicated that the State must prove the requisite mental state in a criminal contempt case when we stated: "[C]riminal contempt necessarily implies an element of intent that must be proved before a contempt citation can be upheld." *Horn v. District Court, Ninth Judicial District*, 647 P.2d 1368, 1375 (Wyo.1982). The State had the burden of proving that the appellant willfully disobeyed the district court's order which required him to attend parenting classes. Of course, the appellant had the right to present evidence to rebut the State's willfulness evidence. *See Marquiss v. Marquiss*, 837 P.2d 25 (Wyo.1992). We conclude, however, that sufficient evidence supported the appellant's conviction.

■ This Court assesses whether all the evidence which was presented is adequate enough to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by a finder of fact when that evidence is viewed in the light most favorable to the State. *Baier v. State*, 891 P.2d 754, 761 (Wyo.1995). We will not substitute our judgment for that of the jury when we are applying this rule; our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did. *Id.*

■ The district judge discussed the parenting classes with the appellant during the dispositional hearing. They discussed why the judge believed that parenting classes were warranted and how the times for the

classes could be arranged so that the classes would fit into the appellant's work schedule.

The probation officer testified at the contempt hearing that she had recommended a particular series of parenting classes to the appellant. The probation officer stated, however, that she did not want the appellant to attend the classes during the same time when the mother and her husband were attending them. After the probation officer had determined that the mother and her husband were no longer attending the classes and that the appellant had not yet begun to attend the classes, she sent the April 21, 1994, letter to the appellant to remind him of his obligation to attend the classes.

The appellant contends that the State did not prove that he had received the letter or that it had been mailed to the correct address. Taking the evidence in the light most favorable to the State, we conclude that the district court could have reasonably inferred that the appellant received the letter and willfully failed to comply with the district court's order.

The appellant further contends that the State's evidence failed because the State did not show that sufficient classes were available to allow the appellant to *complete* the parenting classes between the date on which the letter was sent (April 21, 1994) and the date on which the information was filed against him (July 15, 1994). The evidence established that the parenting classes were taught in eight-week lesson plans and that a class met every Tuesday night, with a few exceptions. The parenting class teacher testified that the eight-week lesson plan was designed to be flexible so that people could "work it around their work schedules and family commitments." The appellant's claim would have more credibility if he had begun attending the classes before the State charged him with failing to successfully complete the classes. The evidence established that the appellant had not attended any classes and, consequently, proved that the appellant had failed to "attend and successfully complete" the parenting classes.

## CONCLUSION

We hold that the district court had jurisdiction over the subject matter of this case and that sufficient evidence supported the appellant's conviction for criminal contempt of court.

Affirmed.