**In the Interest of BLM, a Minor.**

**KT, Appellant (Contemnor–Minor),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. C–94–13.**

Supreme Court of Wyoming.

Sept. 20, 1995.

Sylvia L. Hackl, State Public Defender, Deborah Cornia, Assistant Public Defender, Gerald M. Gallivan, Director of the Defender Aid Program, and Kellie Kokal and Mary Bordewick, Student Interns for the Defender Aid Program, for Appellant.

William U. Hill, Attorney General, Paul S. Rehurek, Deputy Attorney General, D. Michael Pauling and Mary Beth Wolff, Senior Assistant Attorneys General, Georgia L. Tibbetts, Assistant Attorney General, Theodore E. Lauer, Director of the Prosecution Assistance Program, and Matthew F. McLean, G. Bryan Ulmer III, and John Harjehausen, Student Interns for the Prosecution Assistance Program, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

The appellant appeals from the juvenile court's order which found that he was guilty of criminal contempt of court for violating the temporary restraining and protection order which prohibited him from associating with a female minor.

We reverse.

## ISSUES

Appellant offers the following issue for our review:

Whether the juvenile court committed reversible error in that it lacked both subject matter jurisdiction and personal jurisdiction over the contemnor when issuing its "temporary restraining order and order of protection[,"] and[,] therefore, the commitment of the contemnor is wholly void.

## FACTS

The State filed a juvenile petition, asserting that a female minor was in need of supervision. The juvenile court issued an order to appear which ordered the female minor and her parents to appear for an initial hearing. Notice of the order to appear was given to the female minor, her parents, her guardian *ad litem*, the Department of Family Services, her school district, the county attorney, and the sheriff.

The juvenile petition alleged that the female minor had been skipping school, running away from home, neglecting her homework, and being uncooperative and unresponsive at home. The female minor testified that, during her last runaway, she had stayed with her boyfriend, the appellant in this case, who was also a minor, and his family for a portion of the time during which she was gone. At the close of the hearing, the juvenile court found that the female minor was a child in need of supervision (CHINS) and that, therefore, the matter was within the jurisdiction of the juvenile court pursuant to WYO.STAT. § 14–6–203(a)(i) (1989).

The juvenile court ordered, among other things, that the female minor not have any contact, either directly or indirectly, with the appellant. The juvenile court also issued a temporary restraining and protection order which prohibited the appellant from contacting or associating with the female minor. The juvenile court directed that the order would become permanent if, within five days

from the date that the order was served upon him, the appellant did not make a request for a hearing to be held. The appellant did not make such a request within the five-day period.

The female minor subsequently went to the appellant's home to visit him. She continued to visit the appellant at his home for a period of about three weeks, at which time she was incarcerated for violating her CHINS agreement. While she was in jail, the female minor realized that she was pregnant with the appellant's child.

An information was filed against the appellant, alleging that he had violated the juvenile court's order in that he had been in contact with the female minor. The juvenile court issued a summons which directed the appellant to appear for a hearing. The appellant requested that counsel be appointed to represent him, and the juvenile court appointed an assistant public defender.

During the hearing which was being held to determine whether the appellant was in contempt of court, the appellant moved to dismiss the case on the grounds that the juvenile court lacked jurisdiction. The judge denied this motion. At the conclusion of this hearing, the juvenile court found that the appellant was in contempt of court and sentenced him to serve a term of thirty days in the Campbell County Detention Center.

## DISCUSSION

The appellant contends that the juvenile court lacked subject matter jurisdiction over the case and personal jurisdiction over him when it issued the temporary restraining and protection order against him. Since our decision with regard to the personal jurisdiction issue is dispositive, we do not need to address the issue of whether the juvenile court possessed the requisite subject matter jurisdiction.

With regard to jurisdiction:

The quotation from *Matter of Contempt Order Issued Against Anderson,* 765 P.2d 933, 936 (Wyo.1988) in *United Mine Workers of America, Local 1972 [v. Decker Coal Company],* 774 P.2d [1274,] 1283 [ (Wyo. 1989),] remains the controlling concept:

"... Jurisdiction is essential to the exercise of judicial power. Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose. Subject matter jurisdiction, like jurisdiction over the person, is not a subject of judicial discretion."

*WR v. Lee (In re DG),* 825 P.2d 369, 376 (Wyo.1992).

 The United States and Wyoming constitutions provide that no person shall be deprived of life, liberty, or property without that person being afforded due process of law. U.S. CONST.AMEND. XIV, § 1; WYO. CONST. art. 1, § 6. Children are entitled to this constitutional protection. *Haley v. Ohio,* 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948); *Gallegos v. Colorado,* 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962). When a person has not been afforded adequate due process, personal jurisdiction over that person does not exist. *Gookin v. State Farm Fire and Casualty Insurance Company,* 826 P.2d 229, 232–33 (Wyo.1992); *see also United Mine Workers of America, Local 1972 v. Decker Coal Company,* 774 P.2d 1274, 1281– 82 (Wyo.1989). We have discussed the due process requirements on many occasions:

"Our cases hold that procedural due process is satisfied if a person is afforded adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner. In *White v. Board of Trustees of Western Wyoming Community College,* 648 P.2d 528 (Wyo.1982), *cert. denied* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983), we summarize[d] the constitutional principles that are demanded by the Constitution of the United States and prescribe[d] that, where a state seeks to terminate a life, liberty, or property interest, the state must afford notice and an opportunity for hearing, appropriate to the case, before termination."

*Amoco Production Company v. Wyoming State Board of Equalization,* 882 P.2d 866, 872 (Wyo.1994) (quoting *Robbins v. South Cheyenne Water and Sewage District,* 792

P.2d 1380, 1385 (Wyo.1990) (citation omitted)).

Once a juvenile court receives a petition which requests that a CHINS hearing be held, the juvenile court must issue an order to appear to all parties. WYO.STAT. §§ 14–6–201(a)(xviii) (1993), –213(a) (1981). The parties to whom the order to appear has been issued possess various rights. WYO.STAT. § 14–6–223(b) (1981).

> One of the most basic elements of due process is the right of each party to be apprised of all the evidence upon which an issue is to be decided, with the right to examine, explain or rebut such evidence. And, the right to hear and controvert all evidence upon which a factual adjudication is to be made includes the right to hear and cross-examine witnesses.

*Holm v. State,* 404 P.2d 740, 744 (Wyo.1965) (citations omitted). When the party is under the age of eighteen years, a child pursuant to Wyoming statutes, that party is also entitled to have a guardian *ad litem* be appointed to act on that party's behalf. WYO.STAT. §§ 14–1–101(a) (1993), 14–6–222 (1984).

The juvenile court has the authority to issue an order of protection to restrain or control "the conduct of the child's parents, guardian or custodian or any *party* to the proceeding." WYO.STAT. § 14–6–230(a) (1978) (emphasis added). The term "party" includes "the child, his parents, guardian or custodian, the state of Wyoming *and any other person made a party by an order to appear.*" Section 14–6–201(a)(xviii) (emphasis added).

▌ After holding a hearing to determine whether the female minor was a CHINS, the juvenile court entered the temporary restraining and protection order in which it found in pertinent part:

> [The appellant] has encouraged, caused or contributed to the acts or conditions which have brought the above-named minor within the jurisdiction of this Court, to wit: Harbored the juvenile after she ran away from her mother's home.

The appellant was never given any notice of the female minor's CHINS hearing. He was never issued an order to appear, and, therefore, he was never made a "party" to the proceeding entitled *State of Wyoming: In the Interest of [the Female Minor].* The appellant was deprived of all the above enumerated rights when the juvenile court attempted to make him a party without first issuing him a notice or an order to appear. Since the issuance of the temporary restraining and protection order against the appellant violated his due process right, we conclude that the juvenile court failed to obtain personal jurisdiction over him. The order was, therefore, wholly invalid and void. *Emery v. Emery,* 404 P.2d 745, 749 (Wyo.1965); *Poljanec v. Freed Finance Company of Wyoming,* 440 P.2d 251, 255 (Wyo.1968). The juvenile court, consequently, did not have the authority to hold the appellant in contempt of court for not complying with that order.

▌ We note, however, that the appellant's failure to comply with the juvenile court's order, notwithstanding the fact that the juvenile court lacked personal jurisdiction over the appellant to issue the order, could have constituted grounds for contempt of court had the appellant not appealed from the order. *G.N. v. State (In re C.N.),* 816 P.2d 1282, 1285 (Wyo.1991). When a court issues an order which is outside the scope of its authority, the affected party's remedy is to appeal from the order, not to merely ignore it. *Id.*

## CONCLUSION

We hold that the juvenile court failed to obtain personal jurisdiction over the appellant because it failed to follow the procedure required to make the appellant a party to the underlying proceeding which pertained to the female minor. The temporary restraining and protection order issued against the appellant was, therefore, void. Since a proper appeal was pursued, the contempt judgment for violating that order cannot stand.

Reversed.