■ Manuel Martinez et al., Plaintiffs, v Tishman Construction Corporation et al., Defendants and Third-Party Plaintiffs-Appellants. Heydt Contracting Corporation, Third-Party Defendant-Respondent. [642 NYS2d 675] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered on or about April 7, 1995, which, *inter alia*, denied defendants and third-party plaintiffs' cross motion for partial summary judgment for contractual indemnification and granted third-party defendant Heydt Contracting Corporation's cross motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

The IAS Court properly determined that appellants, as general contractor for the construction project, were not entitled

to common-law or contractual indemnification from third-party defendant Heydt. There is no evidence that Heydt was negligent or otherwise liable for the injuries sustained by plaintiff (who was not an employee, subcontractor or agent of Heydt); that plaintiff's accident arose out of, in connection with, or as a consequence of the performance of Heydt's work; or that Heydt maintained any control over the worksite (*Brown v Two Exch. Plaza Partners*, 146 AD2d 129, 135-136, *affd* 76 NY2d 172).

The IAS Court also properly determined that Heydt was not liable to appellants for contractual indemnification or breach of contract under the insurance procurement provisions of the contract inasmuch as Heydt had fulfilled its contractual obligation to procure proper liability insurance on behalf of appellants to cover any negligence by Heydt arising from losses within the scope of the work performed by Heydt (*New York Univ. v Royal Ins. Co.*, 200 AD2d 527; *Clapper v County of Albany*, 188 AD2d 774; *Dayton Beach Park No. 1 Corp. v National Union Fire Ins. Co.*, 175 AD2d 854, *lv denied* 78 NY2d 864).

We have considered appellants' remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Williams, JJ.