**In the Matter of SAJ, a Minor Child.**

**JLJ, Appellant (Respondent),**

v.

**AFM, Appellee (Petitioner).**

No. C–96–8.

Supreme Court of Wyoming.

July 17, 1997.

Nyla Murphy and Andrew F. McConnell, Student Intern, Laramie, for Appellant.

Richard H. Peek, Casper, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN, and LEHMAN, JJ.

LEHMAN, Justice.

JLJ (Mother), a non-custodial parent of a minor child (Child), appeals the district court's order modifying her visitation rights. We find the actions of the court, refusing parties their right to present testimony and evidence regarding issues of child visitation, violate due process. We therefore reverse.

Appellant Mother submits the following issues:

1. Did the district court abuse its discretion by denying due process in modifying the appellant's visitation order:

A. Without allowing the appellant to present witnesses and evidence at a hearing?

B. Without providing sufficient notice that the court would consider modifying the visitation order at a hearing to enforce the visitation order?

2. Did the District Court lack subject matter jurisdiction when, on its own volition, it modified a visitation order?

Appellee AFM (Father) responds with three issues of his own:

1. Whether this appeal should be dismissed because the Order appealed from is not an appealable Order pursuant to Rules 1.04 and 1.05, Wyoming Rules of Appellate Procedure.

2. Whether this appeal should be dismissed because the Appellant has failed to provide a settled and approved Statement of Evidence as required by Rule 3.03, Wyoming Rules of Appellate Procedure.

3. Did the Trial Court abuse its discretion[?]

*FACTS*

This controversy came before the district court when Mother filed a motion to enforce visitation rights, alleging that the custodial parent, Father, was denying visitation. The court set a hearing on the motion. The day before the hearing, Mother moved the court to include in the hearing her motion to vacate an ex parte restraining order issued three weeks previously which prohibited Mother from visiting Child at Child's school.

The district court conducted an unreported hearing, the proceedings of which are not entirely clear. Mother submitted a proposed statement of the proceedings pursuant to W.R.A.P. 3.03. The court, however, found Mother's statement of proceedings incorrect and sustained the objection Father had filed in response.

While the court made no other effort to settle or approve the events of the hearing as contemplated by W.R.A.P. 3.03, we find the record and Father's objections to Mother's proposed statement of the proceedings sufficiently revealing to support the following facts. The court, over the objections of both

parties, refused testimony by any witnesses—including the parties—only allowing the parties' attorneys to make a statement which included representations of what witnesses would say. The court reviewed exhibits the parties had with them, and then it issued its ruling. The court entered an order modifying Mother's visitation from reasonable to supervised visitation and, in passing, denied all other requested relief. The Order recognized that Child had a counselor, and that the court would "revise the visitation schedule * * * upon recommendation" of the counselor. This timely appeal follows.

### STANDARD OF REVIEW

The award and scheduling of visitation rights is within the sound discretion of the trial court, and we will not disturb that determination unless the court acts in a manner which exceeds the bounds of reason under the circumstances. *Goff v. Goff,* 844 P.2d 1087, 1092 (Wyo.1993). The party attacking the trial court's ruling has the burden of establishing the abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did. *Id.*

### DISCUSSION
#### A. APPEALABLE ORDER

Relying on our holdings in *Stone v. Stone,* 842 P.2d 545 (Wyo.1992) and *Madden v. Madden,* 558 P.2d 669 (Wyo.1977), Father contends that we should dismiss this appeal because the Order is not a final appealable order under W.R.A.P. 1.04. Father points to the district court's reservation of jurisdiction to "consider" the visitation rights upon further information from the child's counselor. We determine the finality of an order, however, on the "effect the order has on the parties' rights." *Stone,* 842 P.2d at 548. If an order affects the substantial rights of a party, it is appealable. *Id.*

Father claims that Mother's right to reasonable visitation with her daughter was not affected, but merely "clarified" by the district court's determination that "reasonable visitation" was supervised visitation. We disagree. Common sense counsels that the words "reasonable visitation" in a custody determination do not contemplate that visitation be supervised by the Department of Family Services. *Cf. Goff v. Goff,* 844 P.2d at 1092 (district court did not abuse its discretion when it determined that parents who allowed only supervised visitation denied the grandparents reasonable visitation). The potential effect of this order was to indefinitely deny Mother visitation with her child except under supervised conditions. We cannot characterize such a drastic modification as an interlocutory "interpretation" of the custody and visitation order.

#### B. ABUSE OF DISCRETION

Father also contends that we should dismiss the appeal because Mother failed to get court approval of the proposed record on appeal as contemplated by W.R.A.P. 3.03. He similarly asserts that this court cannot find an abuse of discretion because the record is insufficient to determine whether the district court's findings are unsupported.

Modification of visitation must be based upon evidence conspicuous in the record. *Wolfe v. Wolfe,* 899 P.2d 46, 48 (Wyo. 1995). Father is correct that where no transcript exists, we will not review allegations requiring an inspection of a transcript when an appellant fails to submit a statement of the evidence or proceedings to the court. *See Stadtfeld v. Stadtfeld,* 920 P.2d 662, 664 (Wyo.1996). As previously indicated, however, we find the objections filed by Father and sustained by the court sufficiently revealing of the facts which support our ultimate conclusions. According to Father's statement of the proceedings as provided in his objections:

> [T]he Court did accept and look at exhibits, * * * considered the representations as to the testimony of the witnesses as expounded by the attorneys, and considered the record herein, including the Affidavit of the Appellant filed in support of her Motion.

Parents are entitled to due process in custody and visitation matters, which includes adequate notice and an opportunity to be heard. *Wilcox–Elliott v. Wilcox,* 924 P.2d 419, 422 (Wyo.1996); *cf. also In Interest of BLM,* 902 P.2d 1288, 1290 (Wyo.1995) (procedural due process is satisfied if a person is

afforded adequate notice and an opportunity to be heard at a meaningful time ·and in a meaningful manner). We have previously stated that notice given must provide a party with "a reasonable opportunity to know the claims of the opposing party and to meet them." *White v. Board of Trustees of Western Wyoming Community College Dist.*, 648 P.2d 528, 535 (Wyo.1982) (*quoting Morgan v. United States*, 304 U.S. 1, 18, 58 S.Ct. 773, 776, 82 L.Ed. 1129 (1938)). It is undisputed that neither Father nor Mother filed a petition for modification of visitation. The hearing was set to determine Mother's motion to enforce visitation. Neither party in this case could reasonably know the court would consider modifying visitation.

 Further, the court did not provide the parties with a meaningful opportunity to be heard or to develop the evidentiary record. We have held that:

> One of the basic elements of due process is the right of each party to be apprised of all the evidence upon which an issue is to be decided, with the right to examine, explain or rebut such evidence. And, the right to hear and controvert all evidence upon which a factual adjudication is to be made includes the right to hear and cross-examine witnesses.

*In Interest of BLM*, 902 P.2d at 1291 (*quoting Holm v. State*, 404 P.2d 740, 744 (Wyo. 1965)). The district court in this case refused to hear testimony from witnesses, despite the fact that Mother, Child and Father were present to testify. Instead, the court determined that Mother would be allowed supervised visitation based primarily on a letter written—at Father's request—to Father from the child's counselor. Mother had no opportunity to cross-examine the counselor or in any other way rebut the evidence. The letter is also an inappropriate basis for the district court's decision because it impermissibly relies on hearsay in reaching the conclusions therein contained. The letter acknowledged that, in making the recommendation, the information on which the counselor relied was obtained from Father and "from what you [Father] and your lawyer have told me." The letter also contained the following specific caveat:

> To the reader of this letter, be it known that much of the information that has been provided to me, I have accepted at face value. [The child's] mother has not been seen by the undersigned.

Thus in making its decision, the district court failed to provide proper notice, prevented development of the record and inappropriately relied on hearsay to reach its conclusions.

*CONCLUSION*

The district court abused its discretion in modifying Mother's visitation from reasonable to supervised visitation without affording a meaningful opportunity to be heard or otherwise providing for development of the evidentiary record. The lack of competent evidence on which the district court's decision may be based compels us to reverse. *Wolfe*, 899 P.2d at 48. Because of our holding, it is unnecessary to address other issues raised.

Reversed and remanded for further proceedings consistent with this opinion.