**In the Interest of Krista BICKERSTAFF, Minor.**

**Vicky BICKERSTAFF, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 97–113.

Supreme Court of Wyoming.

Dec. 12, 1997.

Terry D. Preuit, Gillette, for Appellant (Defendant).

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; N. Denise Burke, Assistant Attorney General; and Kelly Meyer Korell, Assistant Attorney General, for Appellee (Plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Vicky Bickerstaff appeals from the juvenile court's order which ruled that she was in criminal contempt of court because she took her child out of Wyoming without obtaining that court's prior consent.

We affirm.

## ISSUES

Bickerstaff identifies two issues:

> Is the Consent Decree void? If so, can [Bickerstaff] be found in contempt for violating the decree?

## FACTS

This case arises from a juvenile petition which alleged that Bickerstaff's child had been neglected. After the petition was filed, Bickerstaff signed an agreement in support of a consent decree under which she agreed to abide by certain conditions. The juvenile court entered a consent decree on the basis of the agreement. The consent decree ordered, among other things, that Bickerstaff would not to take her child out of Wyoming without obtaining the prior permission of the juvenile court. Bickerstaff subsequently violated that portion of the consent decree.

Pursuant to a bench warrant, Bickerstaff was arrested and her child was placed in protective custody when they returned to Wyoming. The State filed an information, alleging that Bickerstaff was in criminal contempt of court. Bickerstaff moved to dismiss the information, arguing that the consent decree was void because the child's father did not sign the agreement. The juvenile court denied her motion. Thereafter, Bickerstaff entered a conditional plea of guilty, reserving her right to appeal from the denial of her motion.

## DISCUSSION

 Bickerstaff contends that the consent decree was void because the child's father refused to sign the agreement in support of the consent decree and that the contempt order was, therefore, unlawful. In reviewing a contempt order:

> This Court assesses whether all the evidence which was presented is adequate enough to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by a finder of fact when that evidence is viewed in the light most favorable to the State. We will not substitute our judgment for that of the [fact finder] when we are applying this rule; our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did.

*ELR v. State (In Interest of EWR)*, 902 P.2d 696, 700 (Wyo.1995) (citation omitted).

We can address this issue without deciding whether the underlying consent decree was valid because the validity of a court order is inconsequential in a contempt situation. This Court has been faced with similar cases. We reiterate what we said in those cases:

> Even if the district court's order had been unlawful, the appellant could not simply choose to ignore its provisions. Failure to comply with a court order, notwithstanding the fact that it may be erroneous, may be considered to be a contempt of court. The remedy which was available to the appellant was to appeal the order, not

to make himself the judge of the validity of the order by his inactivity.

*Id.* (citations omitted).

> [T]he appellant's failure to comply with the juvenile court's order, notwithstanding the fact that the juvenile court lacked personal jurisdiction over the appellant to issue the order, could have constituted grounds for contempt of court had the appellant not appealed from the order. When a court issues an order which is outside the scope of its authority, the affected party's remedy is to appeal from the order, not to merely ignore it.

*KT v. State (In Interest of BLM)*, 902 P.2d 1288, 1291 (Wyo.1995) (citation omitted).

If Bickerstaff believed the consent decree was unlawful, she should have appealed from the decree rather than willfully disregarding it.

Affirmed.