William Albert JACKSON,
Appellant (Plaintiff),

v.

Stacey Ruth JACKSON, n/k/a Stacey
Ruth Hamsher, Appellee
(Defendant).

No. 97–323.

Supreme Court of Wyoming.

Aug. 18, 1998.

Susan Maher Guthrie, Casper, for Appellant (Plaintiff).

P. Jaye Rippley of Brown, Drew, Massey & Sullivan, Casper, for Appellee (Defendant).

Ross Clanton, Casper, Guardian Ad Litem.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR*, JJ.

* Chief Justice at time of expedited conference.

GOLDEN, Justice.

Appellant William Albert Jackson appeals from the dismissal of his petition for modification of child custody and the granting of Appellee Stacy Hamsher's petition to modify the visitation provisions of the decree of divorce.

We reverse and remand for a new hearing on all issues.

## ISSUES

Jackson presents these issues for our review:

1. Whether the District Court's Order dismissing Plaintiff's Petition for Modification of Custody is supported by admissible evidence or otherwise permissible pursuant to Wyoming Rules of Civil Procedure.

2. Whether the District Court's Order dismissing Plaintiff's Petition for Modification of Custody is an abuse of discretion.

3. Whether the District Court's Order Granting Defendant's Counterpetition for Modification of Visitation Provisions of Decree of Divorce is an abuse of discretion.

Hamsher responds with these issues for our review:

Whether this Court should refuse to consider Appellant's contentions due to lack of page references to the record in the "Statement of the Facts" section of his appeal brief.

Whether the District Court's dismissal of appellant's claim for modification of child custody provisions of a decree of divorce and granting Appellee's counterclaim for modification of the visitation provisions of said decree should be upheld.

The Guardian Ad Litem for the minor child of the parties "respectfully joins in [Hamsher's] Brief, points and authorities contained therein, and its prayer for relief to uphold the decision of the District Court."

## FACTS

The parties were divorced on November 30, 1994, and shared custody of their son born on November 23, 1993. The decree ordered "physical custody to be awarded to [Jackson] from Friday at 2:00 p.m. until Monday at 6:30 a.m." It also awarded him holiday and summer visitation and ordered him to pay $123.00 per month in child support. After Jackson fell behind on his child support obligations, Hamsher filed a petition to modify, to reduce arrearage to a judgment and for an order holding Jackson in contempt of court for his failure to comply with the judgment and decree.

Following court-ordered mediation, the parties reached an agreement, and a stipulation and order were entered by the district court modifying the parties' decree of divorce as a result of the mediation. That modification provided for visitation with Jackson every weekend from Friday at 10:00 a.m. to Sunday at 8:00 p.m. and restructured holiday and summer visitation. Jackson agreed to obtain a loan and pay Hamsher the money owed.

Hamsher moved from Casper to Omaha, Nebraska, and notified the Clerk of Court of her move. Jackson filed for an order to show cause against Hamsher alleging she violated his visitation rights. The district court entered an order finding that Hamsher was not in contempt of court, and both parties were ordered to comply with the modified decree. Following that hearing, Jackson had the child for Christmas vacation. He claims that the parties verbally agreed that he would keep the child from December 22 through January 2. On December 29, 1996, Jackson claims that at Hamsher's specific request and direction, her parents entered Jackson's home, physically assaulted him and his pregnant spouse and forcibly removed the child from his home. He further claims that during the altercation, the child was literally being physically torn between the two parties, and he released the child to avoid injury. At that time, the grandparents left, taking the child with them.

Because of this incident, Jackson filed a petition for modification, alleging a substantial change in circumstances, because the actions of Hamsher's parents, at her direction, constituted abuse and neglect of the child and a violation of Jackson's visitation rights, warranting a change of custody to him. Hamsher filed a counter petition, alleging

that the distance between the respective homes was a substantial change in circumstances requiring a modification of visitation limiting Jackson's visitation to alternative major holidays and one week during the summer, all supervised.

The court again ordered mediation and appointed a guardian ad litem for the child. Mediation was unsuccessful, and the matter was set for hearing on July 18, 1997. Jackson filed a motion for change of judge, and an order granting motion to disqualify was entered, and the case was reassigned. On July 18, the parties appeared to present their cases to the court. Counsel and the guardian ad litem were invited into the presiding judge's chambers. The attorneys were requested to offer orally a presentation of the evidence in their respective cases. At the close of these presentations, the district court ruled that Jackson's petition failed to state a cause of action for modification because it did not show a substantial change in circumstances and ordered that the petition for modification be dismissed. The district court then ruled that a substantial change of circumstances did exist with respect to Hamsher's counter petition for modification of visitation and stated what the order of modification would be. Jackson requested that the trial go forward and he be allowed to present his evidence. That motion was denied, no further hearing allowing testimony, affidavits or verified pleadings taking place.

The district court's order dismissed Jackson's petition and granted Hamsher's. The order eliminated the weekend visitation previously awarded to Jackson and granted eight weeks of summer visitation as well as alternating holiday visitation. This appeal followed.

## DISCUSSION

Hamsher contends Jackson's appeal should be dismissed for counsel's failure to cite to the record in briefing. In his reply brief, Jackson apologizes to the Court and submits an amended statement of the facts containing cites to the record. We acknowledge that this does not serve as compliance with the rules; however, we will not dismiss

the appeal because of the due process concerns presented.

*Sua sponte* motions to dismiss a complaint are recognized in Wyoming and upheld when the proper procedure is followed. *Osborn v. Emporium Videos,* 848 P.2d 237, 241–42 (Wyo.1993). According to our standard of review, we will sustain a dismissal of a complaint by a trial court only if it shows on its face that the plaintiff was not entitled to relief under any set of facts. In considering such a motion, the "facts alleged in the complaint are admitted and the allegations must be viewed in the light most favorable to plaintiffs." Dismissal is a drastic remedy and is sparingly granted. *Cranston v. Weston County Weed and Pest Bd.,* 826 P.2d 251, 254–255 (Wyo.1992); *Matter of Paternity of JRW,* 814 P.2d 1256, 1259 (Wyo. 1991) (quoting *Mostert v. CBL & Associates,* 741 P.2d 1090, 1092 (Wyo.1987) (citations omitted)).

Jackson's petition alleged that the mother, through agents, had abused the child and had interfered in visitation by moving and by refusing visitation. This Court has previously held that denying the children the experience of associating with their father can be grounds for the court to interpose its authority and modify a decree. *Russell v. Russell,* 948 P.2d 1351, 1354 (Wyo.1997) (citing *Ready v. Ready,* 906 P.2d 382, 385 (Wyo. 1995)). We have also noted that a court may have to intervene in the best interest of the child in the case of a custodial parent's abuse or neglect. *Michael v. Hertzler,* 900 P.2d 1144, 1150 (Wyo.1995) (collecting cases). Viewed in the light most favorable to Jackson, his petition did state a cause of action for which relief could be granted, and the district court erred in dismissing it. The order dismissing the petition for modification of custody is reversed and remanded for a hearing.

Jackson next contends that it was error to grant Hamsher's counter petition. "Parents are entitled to due process in custody and visitation matters, which includes adequate notice and an opportunity to be heard." *Matter of SAJ,* 942 P.2d 407, 409 (Wyo.1997). We have said:

One of the basic elements of due process is the right of each party to be apprised of all the evidence upon which an issue is to be decided, with the right to examine, explain or rebut such evidence. And, the right to hear and controvert all evidence upon which a factual adjudication is to be made includes the right to hear and cross-examine witnesses.

*Matter of SAJ*, 942 P.2d at 410. This Court and other courts have recognized that parental relocation cases "present some of the knottiest and most disturbing problems that our courts are called upon to resolve." *Tropea v. Tropea*, 87 N.Y.2d 727, 642 N.Y.S.2d 575, 665 N.E.2d 145, 148 (1996); *see Love v. Love*, 851 P.2d 1283, 1286 (Wyo.1993); *Gurney v. Gurney*, 899 P.2d 52 (Wyo.1995); and *Martin v. Martin*, 798 P.2d 321 (Wyo.1990). As stated by Judge Titone in *Tropea*,

> In these cases, the interests of a custodial parent who wishes to move away are pitted against those of a noncustodial parent who has a powerful desire to maintain frequent and regular contact with the child. Moreover, the court must weigh the paramount interests of the child, which may or may not be in irreconcilable conflict with those of one or both of the parents.

*Tropea*, 642 N.Y.S.2d 575, 665 N.E.2d at 148. We endorse the view expressed by the New York Court of Appeals in *Tropea* that these kinds of cases often present what are necessarily extremely complicated inquiries, the resolution of which involves careful and thoughtful consideration of a host of factors. *Tropea*, 642 N.Y.S.2d 575, 665 N.E.2d at 150–152. It serves neither the interests of the children nor the ends of justice to view relocation cases as capable of fair and satisfactory resolution through an abbreviated judicial short-cut which is informed only by rushed statements by opposing counsel while eschewing the due process rights of the interested parents and their children to present hard evidence.

■ We hold that the unreported hearing allowing the attorneys to present a statement of the evidence to be offered by each party did not provide the parties with a meaningful opportunity to be heard or to develop the evidentiary record. *Matter of SAJ*, 942 P.2d at 410. The order granting the counter petition's modification of visitation is reversed and remanded for a hearing which complies with due process.

Reversed and remanded.