# IN THE SUPREME COURT, STATE OF WYOMING

# 2014 WY 54

APRIL TERM, A.D. 2014

April 23, 2014

GREGORY MATTHEWS,

Petitioner,

v.

S-13-0160

THE STATE OF WYOMING,

Respondent.

*Original Proceeding*
*Petition for Writ of Review*
*District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Petitioner:*
Robert E. Schroth, Sr. of Schroth & Schroth, LLC, Jackson, Wyoming.

*Representing Respondent:*
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jennifer E. Zissou, Assistant Attorney General. Argument by Ms. Zissou.

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    Gregory Matthews challenges the district court order affirming his circuit court conviction for interference with a peace officer.  Mr. Matthews entered into a conditional plea agreement, pursuant to which a charge of driving under the influence against him was dropped, and he pled guilty to the interference charge, reserving the right to appeal three issues.  The district court affirmed the circuit court's rulings on those three issues, and Mr. Matthews filed a petition for writ of review, which was granted by this Court.  We reverse and remand.

## ISSUES

[¶2]    The parties raise several issues.  We will address only one issue that was not addressed by either party, because it is dispositive: Did Mr. Matthews enter a proper conditional guilty plea pursuant to W.R.Cr.P. 11 (a)(2)?

## FACTS

[¶3]    Jackson police officers responded to a call about a fight at The Wort Hotel in Jackson, Wyoming, on November 20, 2011.  When they arrived, they were told that one of the participants in the fight was staying at the Cache Creek Motel.  Officer Cunningham went to the motel and was directed to Mr. Matthews' room.  Officer Ayling arrived shortly thereafter.  After some questioning, the officers were unable to find probable cause to arrest Mr. Matthews on charges related to the fight at The Wort Hotel.  However, the officers believed that Mr. Matthews had driven to his motel from The Wort Hotel while intoxicated, so they arrested him for driving while under the influence.  When the officers gave Mr. Matthews the implied consent advisement required by Wyo. Stat. Ann. § 31-6-102(a)(ii) (LexisNexis 2013), he refused to submit to a chemical test.

[¶4]    Officer Ayling obtained a warrant and went to the jail cell where Mr. Matthews was being detained to request that Mr. Matthews comply with the warrant.  Mr. Matthews said "no."

[¶5]    As a result of his refusal, Mr. Matthews was charged with interference with a peace officer pursuant to Wyo. Stat. Ann. § 6-5-204(a) (LexisNexis 2013).

[¶6]    On November 21, 2011, the circuit court held a probable cause hearing, at which Officer Cunningham testified about facts pertaining to the interference charge.  Mr. Matthews alleges that at the probable cause hearing, Officer Cunningham testified, incorrectly, that he was present in the jail cell when Officer Ayling requested Mr. Matthews' compliance with the warrant for his blood draw.

1

[¶7]    On January 4, 2012, Mr. Matthews filed a Motion to Suppress Use of Defendant's Statements (pertaining to the DWUI charge) and a Motion to Dismiss Charges (stating that merely saying "no" to a request for a blood test does not constitute interference).  On January 12, 2012, Mr. Matthews filed a Motion to Dismiss for Lack of Probable Cause and Request for a Hearing.  The circuit court held a hearing on the three motions on January 31, 2012, and entered its Order Denying Motion to Suppress Evidence of Defendant's Refusal to Take Blood Alcohol Tests on February 7, 2012, and Order Granting Motion for Bill of Particulars and Denying Motions to Dismiss Charges, Dismiss for Lack of Probable Cause, and Suppress Use of Defendant's Statements on February 8, 2012.

[¶8]    The circuit court held, "The Court would not be able to rule on the motion [to dismiss charges] without the presentation of the kind of evidence that is necessary for the trial itself[,]" and thus, the motion did not comply with W.R.Cr.P. 12(b).  The circuit court reasoned the issue of whether Mr. Matthews' oral refusal to comply with the warrant constituted interference with a peace officer was one that "has to be resolved at trial by means of a motion for judgment of acquittal" under W.R.Cr.P. 29.  The circuit court denied Mr. Matthews' motion to dismiss for lack of probable cause without prejudice, stating "[t]he defendant's attorney shall be given an opportunity to listen to the recording of the initial appearance in this case, after which he can renew his motion." Mr. Matthews did not file a renewed motion on the probable cause issue.

[¶9]    The conditional plea agreement filed with the circuit court on February 14, 2012, was signed by counsel for Mr. Matthews and the Teton County Prosecutor and specifically reserved Mr. Matthews' "right to appeal the Court's ruling (Orders filed Feb. 7 & 8, 2012) denying his pretrial motions."  The circuit court orally approved the conditional plea.

[¶10] Mr. Matthews timely filed his appeal in the district court.  After considering the parties' briefs and hearing the parties' arguments (including a second argument after remand of a specific issue to the circuit court), the district court ruled that:

1.  Mr. Matthews' appeal of the denial of his motion to dismiss based on lack of probable cause was procedurally barred because it was not raised or decided on its merits by the circuit court.

2.  Mr. Matthews' verbal refusal to comply with the search warrant did constitute interference with a peace officer pursuant to Wyo. Stat. Ann. § 6-5-204(a).

3.  The implied consent advisement given to Mr. Matthews pursuant to Wyo. Stat. Ann. § 31-6-102(a)(ii) was lawful, and not false or misleading.

2

4. The sentence imposed was not excessive (this issue was not raised in the Petition for Review to this Court).

5. The motion to suppress Mr. Matthews' refusal to comply with the warrant was properly denied, as the question whether he would comply did not constitute "interrogation" necessitating the advisement required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[¶11] This Court granted Mr. Matthews' Petition for Writ of Review to review the district court's order affirming the orders of the circuit court.

## STANDARD OF REVIEW

[¶12] This case involves the proper interpretation of W.R.Cr.P. 11(a)(2), a question of law that we review *de novo*. *Walters v. State*, 2008 WY 159, ¶ 12, 197 P.3d 1273, 1277 (Wyo. 2008).

## DISCUSSION

### *Propriety of the conditional guilty plea*

[¶13] The Wyoming Rules of Criminal Procedure allow for conditional pleas:

> With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

W.R.Cr.P. 11(a)(2).

[¶14] The conditional plea procedure recognizes that going to trial to preserve the ability to appeal pretrial rulings can be a waste of time and energy, and it has been praised by the United States Supreme Court as a "commendable effort[] to relieve the problem of congested criminal trial calendars in a manner that does not diminish the opportunity for the assertion of rights guaranteed by the Constitution." *Lefkowitz v. Newsome*, 420 U.S. 283, 293, 95 S.Ct. 886, 891, 43 L.Ed.2d 196 (1975).

[¶15] A valid conditional plea must include the following elements: First, the "parties must make a reservation of the right to appeal a specific issue in writing," *Walters*, 2008 WY 159, ¶ 14, 197 P.3d at 1277, so that the pretrial issues preserved for appeal are

3

identified precisely.[1]  Here, the circuit court ensured that the issues to be appealed were identified in writing on the conditional plea agreement.  Second, the State must consent to the conditional plea.  *Id.* at ¶ 15, at 1277.  The State consented by the Teton County Attorney's signature on the conditional plea agreement.  Third, the trial court must approve the conditional plea.  *Id.*  Although the circuit court's approval does not appear in the pleadings, it orally agreed to the conditional plea at the February 14, 2012 plea hearing.  Finally, our cases have imposed a fourth requirement, that "conditional pleas will be allowed only when the decision of the [appellate] court . . . will dispose of the case either by allowing the plea to stand or by such action as compelling dismissal of the [charges] or suppressing essential evidence."  *Id*. at ¶ 15, at 1277-78.

[¶16]  The clear language of W.R.Cr.P. 11(a)(2) limits conditional pleas "to seek review of the adverse determination of any specified pretrial motion."  As the circuit court found, Mr. Matthews' motion to dismiss did not comply with W.R.Cr.P. 12(b) and was not a proper pretrial motion.  W.R.Cr.P. 12(b) limits pretrial motions to a "defense, objection, or request which is capable of determination without the trial of the general issue . . . ."  The general issue to be determined at trial is precisely whether Mr. Matthews' conduct constituted interference with a peace officer, and thus it could not be raised in a pretrial motion.  Denial of Mr. Matthews' motion to dismiss is therefore not eligible for review in a conditional plea.  *See United States v. Yager*, 756 F.2d 1058, 1063 (5th Cir. 1985) (rejecting attempt to appeal entrapment defense in a conditional plea because "entrapment is not an issue susceptible to *pretrial* motion and disposition").

[¶17]  We have said that a defendant should not be "allowed to take an appeal on a matter which can only be fully developed by proceeding to trial."  *Walters*, 2008 WY 159, ¶ 15, 197 P.3d at 1277.  The circuit court correctly found that Mr. Matthews' motion to dismiss the interference charge could not be ruled upon without development of the underlying facts at trial, and it advised the motion should be brought as a motion for judgment of acquittal pursuant to W.R.Cr.P. 29.  (Although the circuit court proceeded to obtain the sworn testimony of Mr. Matthews and Officer Ayling at the plea hearing,[2] that testimony is not a substitute for the full presentation of the facts that would occur at trial.)

[¶18]  In *Walters*, we declined to address any of the issues raised in Mr. Walters' conditional plea because "two of the three issues are not dispositive," concluding "that the entire plea is invalid."  *Walters*, 2008 WY 159, ¶¶ 23, 25, 197 P.3d at 1279, 1280.  Because one of the three issues included in Mr. Matthews' conditional plea is not a valid pretrial motion and is therefore not reviewable in a conditional plea appeal, the entire plea is invalid.  Mr. Matthews should be allowed to withdraw his conditional guilty plea.

---

[1] Not all courts adhere to the writing requirement if the "record sufficiently demonstrate[s] that the defendant intended to preserve the right to appeal a specific issue or issues."  *Id.* at ¶ 14, at 1277.

[2] Based on the record before us, it does not appear that the officer's request for Mr. Matthews to comply with the warrant, and Mr. Matthews' negative response, is sufficient to constitute interference; however, this determination will have to await a full development of the record at trial.

4

## CONCLUSION

[¶19] Accordingly, we reverse and remand this matter to the district court with instructions to proceed in accordance with this opinion.