# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 45

APRIL TERM, A.D. 2017

May 1, 2017

BRITTANY BROWN,

Appellant
(Defendant),

v.

S-16-0148

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

*Representing Appellee:*

Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Matthew J. Fermelia, Senior Assistant Attorney General. Argument by Mr. Fermelia.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    Brittany Brown was charged in the district court with criminal contempt for violating a juvenile court order.  She entered a conditional plea agreement, reserving the right to appeal several issues, and timely appealed.  We find that the district court had concurrent jurisdiction over this criminal contempt action arising from an order issued by the juvenile court, but we reverse and remand because Mrs. Brown was denied due process.  The order to show cause failed to adequately notify her of the terms of the order she was alleged to have violated or of her alleged conduct constituting some of the violations, an error that was compounded by the district court's denial of her attorney's motion for access to the juvenile court file which contained the order she was accused of violating.

## *ISSUES*

[¶2]    Mrs. Brown raised five issues in her appeal.  The State filed a motion to reverse and remand, arguing that the issues she raised were not proper for a conditional plea.  We denied the State's motion but determined that we would not consider two of the issues because they were not properly raised.  We first address an issue raised by the State because it determines whether we will consider any other issue, and we rephrase the remaining issues:

1.    Did Mrs. Brown enter a proper conditional plea?

2.    Did the district court have jurisdiction over a criminal contempt action arising from conduct in juvenile court?

3.    Did Mrs. Brown have sufficient notice of the charges against her to prepare an adequate defense when the order to show cause did not contain all the elements of the charged offense and when her attorney was denied access to the underlying juvenile court file?

## **FACTS**

[¶3]    This case arises from a proceeding in juvenile court.  The juvenile court records are not part of the record on appeal, but from what we can glean from the district court record, there was a juvenile delinquency proceeding concerning Mrs. Brown's minor child.  The Campbell County Prosecuting Attorney's office filed a motion in the District Court for the Sixth Judicial District for an order to show cause why Mrs. Brown should not be held in criminal contempt of court.  The motion alleges that Mrs. Brown failed to comply with the Adjudication and Temporary Disposition Order issued by the juvenile court by failing to check in weekly with the juvenile's probation officer, cooperate with the juvenile probation office "in all respects," and maintain telephone service.  The

1

affidavit attached to the motion states that Mrs. Brown had only one communication with the juvenile probation office; missed three interviews with the juvenile probation office, which caused the office to file a social summary without her participation; and did not have a telephone, which meant that the juvenile probation office had no means of contacting her other than by a personal visit to her apartment. The motion requests that Mrs. Brown be directed to appear in district court and show cause why she should not be held in contempt, and it cites as authority the provision of the Child Protection Act that authorizes juvenile courts to find a party in contempt, Wyo. Stat. Ann. § 14-3-438.

[¶4]    The district court issued an order to show cause to Mrs. Brown, alleging that she:

> a.  Failed to . . . know where the juvenile is and who the juvenile's companions are at all times;
>
> b.  Failed to . . . check in weekly with the Campbell County Juvenile Probation Office to monitor the juvenile's progress;
>
> c.  Failed to cooperate with the Campbell County Juvenile Probation Office in all respects and promptly report all violations of the juvenile's probation to the Probation Officer; and
>
> d.  Failed to maintain telephone service or equivalent (pager, etc.).

[¶5]    After her initial appearance, the district court appointed the state public defender's office to represent Mrs. Brown. Mrs. Brown filed a motion to dismiss for lack of jurisdiction, a motion to dismiss for lack of due process, a motion for access to confidential file, a motion for relief from appointment, and a motion for order for compensation. The State responded to Mrs. Brown's motion to dismiss for lack of jurisdiction and her motion to dismiss for lack of due process, but did not respond to her other motions.

[¶6]    Mrs. Brown filed her notice of intent to enter a conditional plea, indicating that she intended to enter a conditional guilty plea to the allegations of failure to check in weekly with the juvenile probation office and failure to cooperate with the juvenile probation office, and to seek appellate review of all five of her pending pretrial motions. At the hearing on the change of plea, the court summarily denied Mrs. Brown's five pending motions. Mrs. Brown entered a conditional no contest plea to the criminal contempt charges.

[¶7]    The district court issued a Judgment and Sentence that adjudicated Mrs. Brown in contempt of court for failing to:

2

- Check in weekly with the Campbell County Juvenile Probation Office to monitor the juvenile's progress;

- Cooperate with the Campbell County Juvenile Probation Office in all respects; and

- Maintain telephone service or equivalent (pager, etc.).

The Judgment and Sentence imposed a sentence of incarceration for ten days, which was suspended for a ninety-day probationary period on the condition that Mrs. Brown "make her best efforts" to comply with orders in the underlying juvenile proceeding. Mrs. Brown filed a timely appeal.

## STANDARD OF REVIEW

[¶8]    All the issues in this case are subject to de novo review. *In re HLL*, 2016 WY 43, ¶ 16, 372 P.3d 185, 189 (Wyo. 2016) (jurisdiction); *In re CDR*, 2015 WY 79, ¶ 19, 351 P.3d 264, 268-69 (Wyo. 2015) (statutory interpretation); *KC v. State*, 2015 WY 73, ¶ 16, 351 P.3d 236, 241 (Wyo. 2015) (due process).

## DISCUSSION

### I.    Did Mrs. Brown enter a proper conditional plea?

[¶9]    The Wyoming Rules of Criminal Procedure provide for the entry of a conditional plea:

> With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

W.R.Cr.P. 11(a)(2). A valid conditional plea requires that the parties make a reservation of the right to appeal a specific issue in writing; that the state consent to the conditional plea; that the trial court approve the conditional plea; and, finally, that the appellate court decision be dispositive, either by allowing the plea to stand or by reversing the district court decision in such a way that the charges will effectively be dismissed. *Matthews v. State*, 2014 WY 54, ¶ 15, 322 P.3d 1279, 1281 (Wyo. 2014).

3

[¶10] The State argues that two of the three remaining issues asserted by Mrs. Brown in this appeal are not dispositive and thus her plea was not valid and her appeal must be dismissed and the case remanded for the entry of another plea or a trial. In particular, the State contends that whether Mrs. Brown had sufficient notice of the facts constituting contempt and whether her attorney's lack of access to the juvenile court file deprived her of effective assistance of counsel are not dispositive issues.

[¶11] In *Walters v. State*, we declined to review the issues raised in Mr. Walters' conditional plea because not all of them were dispositive, and we concluded that when even one of the issues preserved is not dispositive, the entire plea is invalid. 2008 WY 159, ¶ 25, 197 P.3d 1273, 1280 (Wyo. 2008); *see also Matthews*, 2014 WY 54, ¶ 18, 322 P.3d at 1282 (declining to address issues raised in conditional plea because one of the three issues was not dispositive). An issue is dispositive if an appellate ruling in the defendant's favor would require dismissal of the charges or suppression of evidence necessary for conviction, or where an appellate ruling in the State's favor would require affirming the conviction. *Walters*, 2008 WY 159, ¶ 21, 197 P.3d at 1279 (citing *United States v. Bundy*, 392 F.3d 641, 648 (4th Cir. 2004)). The essential inquiry for the court is whether the appeal will end the case. *Id.*

[¶12] We agree that two of the three issues raised by Mrs. Brown are not dispositive. Success on the question of whether the order to show cause provided adequate notice would require a remand to the district court and possible further proceedings. Success on the question of whether the district court should have given Mrs. Brown's counsel access to the juvenile court file would also result in a remand for new or additional proceedings. In most instances, this conclusion would lead us to reverse and remand the matter to the district court because the entire plea is invalid. *See Matthews*, 2014 WY 54, ¶ 18, 322 P.3d at 1282; *Walters*, 2008 WY 159, ¶ 25, 197 P.3d at 1280. However, we will exercise our discretion to convert Mrs. Brown's appeal to a writ of review. *See Stewart Title Guar. Co. v. Tilden*, 2005 WY 53, ¶ 7, 110 P.3d 865, 869-70 (Wyo. 2005). Rule 13.02 of the Wyoming Rules of Appellate Procedure states:

> A writ of review may be granted by the reviewing court to review an interlocutory order of a trial court in a civil or criminal action, . . . which is not otherwise appealable under these rules, but which involves a controlling question of law as to which there are substantial bases for difference of opinion and in which an immediate appeal from the order may materially advance resolution of the litigation.

[¶13] "We do not exercise this power regularly, only when the case raises a question of law and appellate review of the district court's order would materially advance resolution of the litigation." *Snell v. Snell*, 2016 WY 49, ¶ 15, 374 P.3d 1236, 1240 (Wyo. 2016). Contempt procedure has long been a challenge, *see, e.g., Meckem v. Carter*, 2014 WY

4

52, ¶¶ 17-27, 323 P.3d 637, 644-46 (Wyo. 2014); *Stephens v. Lavitt*, 2010 WY 129, ¶ 23, 239 P.3d 634, 640 (Wyo. 2010); *Horn v. Dist. Court, Ninth Judicial Dist.*, 647 P.2d 1368, 1378 (Wyo. 1982), and when combined with the complicated jurisdictional relationship between district courts and juvenile courts, despite their best efforts, trial courts have struggled to ascertain the correct procedure. *See, e.g.*, *In re BD*, 2010 WY 18, ¶¶ 4-9, 226 P.3d 272, 273-75 (Wyo. 2010). Frequently the same person acts as the judge in both district court and juvenile court, and it is therefore tempting to lose track of the fact that these are separate courts operating under different laws and procedures. In this case, for example, the Order to Show Cause and Order to Appear issued by the district court states that Mrs. Brown "has failed to comply with the Adjudication and Temporary Disposition Order *issued by this Court* . . . in Juvenile Case No. 4907. . . ." (Emphasis added.) Although juvenile court and district court are sometimes treated interchangeably, there are critical distinctions between the two. We therefore exercise our discretion to treat the notice of appeal as a petition for review, and take this opportunity to attempt to clarify some of the questions of law as to which there are substantial bases for difference of opinion. *See In re Hartmann*, 2015 WY 1, ¶ 17, 342 P.3d 377, 382 (Wyo. 2015).

## II. Did the district court have jurisdiction over a criminal contempt action arising from conduct in juvenile court?

[¶14] Mrs. Brown argues that the district court did not have jurisdiction to punish her for contempt for actions arising from a juvenile court proceeding. The State contends that the district court possesses general jurisdiction over criminal contempt proceedings, including criminal contempt that arises from an action in juvenile court. We find that, while the juvenile court does have jurisdiction over certain criminal contempt actions, that jurisdiction is not exclusive, and the district court has concurrent jurisdiction over such actions.

[¶15] Our cases in which disobedience of a juvenile court order has led to initiation of contempt proceedings have not dealt with this jurisdictional issue head on, and we find such contempt actions in both juvenile courts and district courts. *See In Interest of C.N.*, 816 P.2d 1282, 1283 (Wyo. 1991) (parents of a juvenile were found in civil contempt of court by juvenile court for violating a juvenile court order requiring them to attend counseling); *In Interest of EWR*, 902 P.2d 696, 698-99 (Wyo. 1995) (father was charged with criminal contempt in the district court for his failure to comply with a juvenile court order requiring him to attend parenting classes); *In Interest of Bickerstaff*, 950 P.2d 46, 47 (Wyo. 1997) (juvenile court found Bickerstaff in criminal contempt for violations of a juvenile court consent decree). In *In re BD*, when father failed to satisfy certain requirements in a neglect case, the state filed an indirect criminal contempt action in the underlying neglect proceeding in juvenile court. 2010 WY 18, ¶ 3, 226 P.3d at 273. Father appealed, and we reversed, finding that the juvenile court failed to follow proper procedural requirements when it found father in criminal contempt. We held that "[t]here is no question that a juvenile court has the power to punish a party for contempt when the

5

party fails to comply with an order of the court." *Id.* at ¶ 7, 226 P.3d at 275. However, we did not decide whether the district court also had jurisdiction over the contempt proceeding. To answer that question, we begin by looking at the jurisdictional framework for both courts.

## A.   Juvenile Courts and their Jurisdiction

[¶16]   Juvenile courts are the product of social and cultural forces at work during the turn of the nineteenth century. *See* Janet E. Ainsworth, *Youth Justice in a Unified Court: Response to Critics of Juvenile Court Abolition*, 36 B.C. L. Rev. 927, 931 (1995). In 1899, the first juvenile courts were established in Denver and Chicago. John M. Burman, *Justice for Children*, at 4 (Wyoming Supreme Court/Children's Justice Project 2010). By 1925 all states, with the exception of Maine and Wyoming, had separately functioning juvenile court systems. Linda Burt, *Juvenile Justice in Wyoming*, 34 Wyo. Law. 60, 61 (2011). Juvenile courts were not established in Wyoming until the late 1940s, "fairly late in the game[.]" Burman, *Justice for Children*, at 7. Juvenile justice systems are constructed upon the bedrock of two general concepts: "First, children who are abused or neglected by their parents or other caregivers . . . need the State to intervene on their behalf," and second, "children who commit acts that would be crimes if committed by an adult have committed a 'delinquent' act and need to be punished, rehabilitated, or both." Burman, *Justice for Children*, at 16.

[¶17]   Separate juvenile courts were justified by the belief that

> children were different, that they were continuing to develop cognitively and emotionally, and that they could benefit from rehabilitation efforts and become productive citizens. Furthermore, because children were different from adults, they should not be placed with adults in detention or prisons. These core principles continue today to lie at the heart of the rationale for separate juvenile courts.

*Minnesota Juvenile Courts: Principles of Excellence for the Next 100 Years*, 32 Wm. Mitchell L. Rev. 877, 877 (2006).

[¶18]   Because in Wyoming district court judges preside over both the district courts and juvenile courts, the distinction between the two courts may be a technical one. *See, e.g.*, *In re HLL*, 2016 WY 43, ¶ 6 n.1, 372 P.3d at 187 n.1; *KC*, 2015 WY 73, ¶ 26 n.3, 351 P.3d at 243-44 n.3. Nevertheless, this "technical" distinction has very real repercussions for children and their families: juvenile courts have a "broad array" of interventions at their disposal for children and family members, while for district courts (and other adult courts, such as circuit and municipal courts), punishment of children who appear before them is the only generally available option. John M. Burman, *Juvenile Injustice in*

*Wyoming*, 4 Wyo. L. Rev. 669, 672-73 (2004); *see also In re WJH*, 2001 WY 54, ¶ 8, 24 P.3d 1147, 1151 (Wyo. 2001) ("The dispositional phase of juvenile proceedings requires broad judicial discretion to accommodate the unique rehabilitative needs of juveniles." (internal citations omitted)).

[¶19]  The jurisdiction of the juvenile court "is both interesting and complex."  Burman, *Justice for Children*, at 224.  Juvenile courts share jurisdiction over the majority of children who are accused of breaking the law with municipal courts, circuit courts, and district courts.  *See* Burt, 34 Wyo. Law. at 62; *see also* Wyo. Stat. Ann. § 14-6-203 (LexisNexis 2015).  The Juvenile Justice Act provides that juvenile courts have "concurrent jurisdiction in all cases, other than status offenses,[1] in which a minor is alleged to have committed a criminal offense or to have violated a municipal ordinance." Wyo. Stat. Ann. § 14-6-203(c).  However, "[t]he juvenile court has exclusive jurisdiction in all cases, other than status offenses, in which a minor who has not attained the age of thirteen (13) years is alleged to have committed a felony or a misdemeanor punishable by imprisonment for more than six (6) months." Wyo. Stat. Ann. § 14-6-203(d).  For those instances where there is concurrent jurisdiction, the district attorney acts as "the single point of entry" and determines "the court for appropriate disposition in cooperation and coordination with each municipality in the jurisdiction of the district court." Wyo. Stat. Ann. § 14-6-203(f).[2]

[¶20]  The Child Protection Act, the Children in Need of Supervision Act, and the Juvenile Justice Act all use identical language to define "[p]arties" as "the child, his parents, guardian or custodian, the state of Wyoming and any other person made a party by an order to appear, or named by the juvenile court[.]" Wyo. Stat. Ann. §§ 14-3-402(a)(xiv) (LexisNexis 2016 Supp.) (Child Protection Act); 14-6-402(a)(xv) (LexisNexis 2016 Supp.) (Children in Need of Supervision Act); 14-6-201(xviii) (Juvenile Justice Act).  The statutes then use identical language to grant the juvenile court the "jurisdiction to . . . order any party . . . to perform any acts, duties and responsibilities the court deems necessary" and "to refrain from any act or conduct the court deems detrimental to the best interest and welfare of the minor or essential to the enforcement of any lawful order of disposition of the minor made by the court." Wyo. Stat. Ann. §§ 14-3-403(b)(ii) and (iii) (LexisNexis 2015) (Child Protection Act); 14-6-403(a)(ii) and (iii)

---

[1] A "status offense" is an offense "which, if committed by an adult, would not constitute an act punishable as a criminal offense . . . but does not include a violation of W.S. 12-6-101(b) or (c) [minor under the influence or in possession of alcohol offenses] or any similar municipal ordinance."  Wyo. Stat. Ann. § 14-6-201(a)(xxiii) (LexisNexis 2016 Supp.).

[2] This jurisdictional scheme has been the subject of criticism because it has resulted in widely varying treatment of children based upon the county in which they are located, children finding themselves appearing in more than one court and subject to contradictory conditions, and most children appearing in adult court, without the potential benefits available in the juvenile court system (such as confidentiality and access to many more services).  *See* Burt, 34 Wyo. Law. at 62-63; Burman, *Justice for Children*, at 224; Burman, 4 Wyo. L. Rev. at 677-78.

(LexisNexis 2015) (Children in Need of Supervision Act); 14-6-203(b)(ii) and (iii) (Juvenile Justice Act). Thus, "[o]nly one court, the juvenile court, is given jurisdiction over the child's parents." Burman, 4 Wyo. L. Rev. at 686.

## B. Juvenile Courts' Contempt Power

[¶21]  The legislature granted juvenile courts criminal and civil contempt[3] power in three separate and nearly identical provisions:

> Notwithstanding any other provision of law, the court upon its own motion or upon the motion of the district or county attorney, or guardian ad litem, may find that the child, child's parent, parents, or guardian or any other person who willfully violates, or neglects or refuses to obey or perform any order or provision of this act is liable for contempt of court and may be fined not more than five hundred dollars ($500.00) or incarcerated not more than ninety (90) days, or both.

Wyo. Stat. Ann. § 14-6-438 (LexisNexis 2015) (Children in Need of Supervision Act), Wyo. Stat. Ann. § 14-6-242 (LexisNexis 2015) (Juvenile Justice Act), Wyo. Stat. Ann. § 14-3-438 (LexisNexis 2015) (Child Protection Act) (this statute does not include the "child" as a person who can be held in contempt).  The "court" is defined by all three acts as "the juvenile court established by W.S. 5-8-101."  Wyo. Stat. Ann. §§ 14-3-402(a)(vi) (LexisNexis 2016 Supp.) (Child Protection Act); 14-6-402(a)(vii) (LexisNexis 2016 Supp.) (Children in Need of Supervision Act); 14-6-201(a)(vii) (LexisNexis 2016 Supp.) (Juvenile Justice Act).

---

[3] Generally speaking,

> contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent against the public.  A civil contempt is generally intended to compel a party to comply with a lawful court order while a criminal contempt is punitive in nature and is enforced so the authority of the law and the court will be vindicated.  Stated simply, the primary purpose of criminal contempt is to punish while the primary purpose of civil contempt is to coerce.

*Greer v. Greer*, 2017 WY 35, ¶ 27, --- P.3d ---, --- (Wyo. 2017) (citations omitted); *Horn v. Welch*, 2002 WY 138, ¶ 12, 54 P.3d 754, 759 (Wyo. 2002) (internal citations omitted).  Civil contempt proceedings are "between the original parties" and are considered "merely a facet of the original cause of action." *Swain v. State*, 2009 WY 142, ¶ 14, 220 P.3d 504, 508 (Wyo. 2009).  By contrast, criminal contempt is considered a crime and indirect criminal contempt usually requires a prosecution by the State. *Garber v. United Mine Workers of Am.*, 524 P.2d 578, 579 (Wyo. 1974).

[¶22]   Although there are some challenges to the exercise of criminal contempt powers by a juvenile court, procedural shortcomings cannot defeat the legislative intent to grant juvenile courts criminal contempt power.   Most actions in juvenile court are considered civil in nature, *In Interest of NP*, 2017 WY 18, ¶ 15 n.1, 389 P.3d 787, 791 n.1 (Wyo. 2017), although juvenile cases "are not routine civil actions."  *In re MC*, 2013 WY 43, ¶ 44, 299 P.3d 75, 84-85 (Wyo. 2013); *see also Vaughn v. State*, 2017 WY 29, ¶¶ 11-12, --- P.3d ---, --- (Wyo. 2017).[4]  In *In re BD*, we recognized that "a juvenile court acting under the Child Protection Act operates as a court of equity," and that an indirect contempt action "is very much an action at law rather than equity."  2010 WY 18, ¶ 9, 226 P.3d at 275.  We nevertheless found that juvenile courts had jurisdiction over indirect criminal contempt actions.  *Id*. at ¶ 7, 226 P.3d at 275 ("There is no question that a juvenile court has the power to punish a party for contempt when the party fails to comply with an order of the court.").  We held in *In re BD* that an indirect criminal contempt proceeding "must be instituted and conducted as a separate and independent criminal action apart from the original cause in which the contempt arose."  2010 WY 18, ¶ 5, 226 P.3d at 274.  We recognized that  the juvenile court statutes and rules are silent as to the process for indirect criminal contempt, and held that due to the need to protect the alleged contemnor's due process rights, the general criminal contempt procedure set forth in W.R.Cr.P. 42 would apply to contempt proceedings under the Child Protection Act.  *Id*. at ¶ 8, 226 P.3d at 275.  That reasoning applies in equal force to contempt proceedings brought pursuant to the Children in Need of Supervision Act and the Juvenile Justice Act.

[¶23]   The motion for order to show cause in this case cited the juvenile court contempt provision of the Child Protection Act, Wyo. Stat. Ann. § 14-3-438, and is captioned "Motion for Order to Show Cause Why Defendant Ought Not Be Held in Criminal Contempt of Court."   Criminal contempt within the jurisdictional limits of the juvenile court was therefore contemplated from the start, and the parties do not dispute that criminal contempt was available under the cited provision of the Child Protection Act. The juvenile court had jurisdiction over this contempt action.  In this case, however, the

---

[4] Wyo. Stat. Ann. § 14-6-238 (LexisNexis 2015) provides that "[n]o order or decree pursuant to [the Juvenile Justice Act] shall be deemed a conviction of a crime or impose any civil disabilities . . . ." However, the contempt provisions in the Child Protection Act, Wyo. Stat. Ann. § 14-3-438; the Children in Need of Supervision Act, Wyo. Stat. Ann. § 14-6-438; and the Juvenile Justice Act, Wyo. Stat. Ann. § 14-6-242, give juvenile courts the power of contempt, "[n]otwithstanding any other provision of law . . . ."  When we read these provisions together, as we must, *see Cheyenne Newspapers, Inc. v. City of Cheyenne*, 2016 WY 125, ¶ 11, 386 P.3d 329, 333 (Wyo. 2016), we conclude that juvenile courts may punish for criminal contempt, notwithstanding § 14-6-238. The legislature may wish to address these seeming inconsistencies, and in doing so it could clarify its intent regarding juvenile court jurisdiction over criminal contempt matters.

criminal contempt action was filed in the district court, so we turn to the question of whether the district court had concurrent jurisdiction over the criminal contempt action.

## C.    District Court Jurisdiction

[¶24]  Wyoming's constitution entrusts judicial power to the "supreme court, district courts, and such subordinate courts as the legislature may, by general law, establish and ordain . . . ."  Wyo. Const. art. 5 § 1.  It further establishes the district courts as courts of general jurisdiction:

> The district court shall have original jurisdiction of all causes both at law and in equity and in all criminal cases, of all matters of probate and insolvency and of such special cases and proceedings as are not otherwise provided for.  The district court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested *exclusively* in some other court . . . .

Wyo. Const. art. 5, § 10 (emphasis added).

[¶25]  Juvenile cases are "special cases" which the legislature has "otherwise provided for."  *In re WJH*, 2001 WY 54, ¶ 10, 24 P.3d at 1151-52.  Juvenile courts are "tribunal[s] created by a statute, and it is within the power of the legislature, within constitutional limitations, to create or establish such courts and to confer on them jurisdiction, powers, and duties which do not conflict with organic provisions."  43 C.J.S. *Infants* § 11 (April 2017 update).  However, jurisdiction of statutorily created tribunals must be strictly construed.  *Id*.  Although juvenile cases are generally carved out of district court jurisdiction, criminal contempt actions instituted as separate and independent criminal actions are not.  We therefore must determine whether criminal contempt actions arising from juvenile court conduct have been vested *exclusively* in juvenile courts.

[¶26]  Generally, when the legislature intends jurisdiction to be concurrent, it says so.  For example, the Juvenile Justice Act provides that the "juvenile court has concurrent jurisdiction in all cases, other than status offenses, in which a minor is alleged to have committed a criminal offense or to have violated a municipal ordinance."  Wyo. Stat. Ann. § 14-6-203(c).  The legislature can also expressly indicate its intent that jurisdiction be exclusive.  *See, e.g.*, Wyo. Stat. Ann. § 14-6-203(d) ("juvenile court has exclusive jurisdiction in all cases . . . in which a minor who has not attained the age of thirteen (13) years is alleged to have committed a felony or a misdemeanor . . . .").  Unfortunately, the statutes on juvenile court contempt jurisdiction are silent regarding whether that jurisdiction is exclusive or concurrent, leaving the answer to that question uncertain and subject to varying interpretations.  We therefore must turn to the rules of statutory construction.  *In re Estate of Meyer*, 2016 WY 6, ¶ 17, 367 P.3d 629, 634 (Wyo. 2016).

10

[I]n ascertaining the legislative intent in enacting a statute . . . the court . . . must look to the mischief the act was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conditions of the law and all other prior and contemporaneous facts and circumstances that would enable the court intelligently to determine the intention of the lawmaking body.

*Id.* at ¶ 21, 367 P.3d at 636 (citations omitted).

[¶27] We turn to the structure of the statutes and the constitution for guidance. The limited grant of jurisdiction to the juvenile court sheds some light on the legislature's intent. The language of the statutes limits juvenile court jurisdiction over contempt to sanctions of a fine of "not more than five hundred dollars ($500.00) or [incarceration of] not more than ninety (90) days, or both." Wyo. Stat. Ann. §§ 14-3-438, 14-6-438, 14-6-242. Thus, if sanctions exceeding these limits were sought, they would have to be sought in the district court, the court with general jurisdiction over criminal matters. Wyo. Const. art. 5, § 10. Further, as a practical matter, district courts, which have all the necessary procedures in place, are better equipped to handle criminal matters than are juvenile courts.

[¶28] When we examine the legislature's failure to use the terms "exclusive" or "concurrent" in its grant of jurisdiction to the juvenile courts along with the district courts' general jurisdiction over criminal cases, Wyo. Const. art. 5, § 10, and the rule that we must construe the grant of jurisdiction to juvenile courts strictly, we conclude that the legislature must have intended juvenile court jurisdiction over criminal contempt to be concurrent with that of the district courts.[5] Because district courts have concurrent

---

[5] The circuit court does not have jurisdiction over contempt matters originating in the juvenile courts. Circuit court jurisdiction is limited to that which has been granted by the legislature. *See Best v. Best*, 2015 WY 133, ¶ 12, 357 P.3d 1149, 1152 (Wyo. 2015). Wyo. Stat. Ann. § 6-10-101 (LexisNexis 2015) provides that "[c]rimes which may be punished by death or by imprisonment for more than one (1) year are felonies. All other crimes are misdemeanors." "Circuit courts have original jurisdiction in all misdemeanor cases." Wyo. Stat. Ann. § 5-9-129 (LexisNexis 2015). Thus, it could be argued that the contempt penalties contained in §§ 14-3-438, 14-6-438, and 14-6-242 make the crime a misdemeanor, bringing it within the circuit courts' jurisdiction. However, the legislature has provided that a circuit court has contempt power only regarding proceedings before it:

(a) A circuit court judge may punish for contempt in the following cases *and no others*:
(i) Persons guilty of disorderly, contemptuous and insolent behavior toward a judge engaged in any judicial proceeding, which tends to interrupt such proceedings or impair the respect due the judge's authority;

jurisdiction over criminal contempt proceedings arising from the juvenile courts, the district court had jurisdiction over the contempt action in this case.

### III. Did Mrs. Brown have sufficient notice of the charges against her to prepare an adequate defense when the order to show cause did not contain all the elements of the charged offense and when her attorney was denied access to the underlying juvenile court file?

[¶29]   Mrs. Brown argues that she was not provided sufficient notice of the charges against her because the order to show cause did not state the essential facts constituting her criminal contempt charge.  In addition, she argues that the district court prevented her attorney from effective representation when it refused to provide him with access to the juvenile court file.  Mrs. Brown concedes that this is not truly an ineffective assistance of counsel claim, as her attorney's performance was not deficient.  *See Griggs v. State*, 2016 WY 16, ¶ 36, 367 P.3d 1108, 1124 (Wyo. 2016).   Rather, the issue underlying both arguments is that the district court deprived Mrs. Brown of due process because it failed to provide her (and her attorney) sufficient notice of the allegations against her so that she could prepare a defense.  We therefore consolidate the arguments and treat them as two prongs of the due process issue for the purpose of our analysis.

[¶30]   "An accused has a constitutional right to notice of the charges against him to allow him a fair opportunity to defend against the charges.  United States Constitution, Sixth Amendment; Wyo. Const. art. 1 § 10.  *See also* W.R.Cr.P. 3; *Derksen v. State*, 845 P.2d 1383, 1388-89 (Wyo. 1993)."  *Heywood v. State*, 2009 WY 70, ¶ 4, 208 P.3d 71, 72 (Wyo. 2009).

> The party claiming an infringement of his right to due process has the burden of demonstrating both that he has a protected interest and that such interest has been affected in an impermissible way.  The question is whether there has been a

---

      (ii)   Persons guilty of resistance or disobedience to any lawful order or process made or issued by the judge.

Wyo. Stat. Ann. § 1-21-901 (LexisNexis 2015) (emphasis added).

    (a)   A circuit court may:
      (i)   Preserve and enforce order **in its immediate presence and in the proceedings before it** according to the Wyoming Rules of Criminal Procedure for Circuit Courts and punish for contempt as provided therein; [and]
      (ii)   Compel obedience to **its** judgments, orders and processes[.]

Wyo. Stat. Ann. § 5-9-133(a)(i) and (ii) (LexisNexis 2015) (emphasis added); *see also* Tori R.A. Kricken, *Contempt of Court: A Practical Guide for Lawyers and Judges*, 34 Wyo. Law. 40, 41 (2011) (Wyo. Stat. Ann. §§ 1-21-901 through 1-21-909 limit the circuit court's authority to punish for contempt).

12

denial of fundamental fairness. The touchstones of due process are notice and the opportunity to be heard, which must be appropriate to the nature of the case.

*KC*, 2015 WY 73, ¶ 16, 351 P.3d at 241-42 (citations omitted).

[¶31] The Wyoming Rules of Criminal Procedure establish the procedure required in criminal contempt proceedings in order to afford due process to the contemnor.

> (1) Order to Show Cause.—On the court's motion or upon affidavit of any person having knowledge of the facts, a judge may issue and sign an order directed to the accused, stating the essential facts constituting the criminal contempt charged and requiring the accused to appear before the court and show cause why the accused ought not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of a defense.

W.R.Cr.P. 42(c)(1). "Due process requires that the alleged contemnor be advised of the charges against him and that he have a reasonable opportunity to meet them by way of defense or explanation." *Furtado v. Furtado*, 402 N.E.2d 1024, 1030 (Mass. 1980); *see also Derksen*, 845 P.2d at 1388-89. The "essential facts constituting the criminal contempt charged" must be sufficient to inform the contemnor the basis upon which criminal contempt is sought. When criminal contempt for the failure to follow a court's order is the remedy, the order alleged to have been violated, along with facts setting forth that violation, are "essential facts." The elements of criminal contempt for the disobedience of a court order are: (1) a reasonably specific order; (2) violation of the terms of the order; and (3) willful intent to violate the order. *Weidt v. State*, 2013 WY 143, ¶ 28, 312 P.3d 1035, 1042 (Wyo. 2013). The order to show cause identifies the order alleged to have been disobeyed as the "Adjudication and Temporary Disposition Order issued by this Court on October 23, 2015 in Juvenile Case No. 4907." While the order is identified, whether it is reasonably specific or contains the terms alleged to have been violated is unknown because it was not quoted in the order to show cause, has not been made a part of the record, and was not otherwise made part of either the motion for order to show cause or the attached affidavit. Neither Mrs. Brown nor her attorney could determine from the order to show cause (or the motion for an order to show cause or its accompanying affidavit) what the underlying order required or which of its provisions was alleged to have been violated.

[¶32] Mrs. Brown further contends that the district court's order to show cause was deficient because it contained allegations that were not made in the motion for order to show cause or supported by affidavit. The State responds that the motion, affidavit, and

13

order to show cause, "whether taken independently or collectively, are legally sufficient to fairly indicate to Brown the criminal contempt charges alleged against her . . . ." Paragraph 1(a) of the order to show cause alleged that Mrs. Brown failed to provide supervision for her son because she did not know where he was and who his companions were at all times. That allegation does not appear in the motion for order to show cause or in the supporting affidavit. Paragraph 1(c) of the order to show cause states that she failed to "promptly report all violations of the juvenile's probation to the Probation Officer[.]" Again, neither the motion nor the affidavit mentions probation violations by the juvenile or what probation violations Mrs. Brown is alleged to have failed to report.

[¶33]  In short, there is no factual basis in the order to show cause, the motion seeking that order, or in the underlying affidavit that would inform Mrs. Brown as to the requirements of the order she allegedly violated or the nature of her conduct that brought about the criminal contempt charge regarding her supervision of her son. As a result, the order to show cause was deficient in both respects.

[¶34)  These deficiencies are compounded by the district court's denial of Mrs. Brown's attorney's Motion for Access to Confidential File. Mrs. Brown's attorney filed a motion for access to the juvenile file, informing the district court that he had not represented Mrs. Brown in the juvenile case and had no knowledge of the file, and asserting that he could not effectively represent her without access to the file. Had her attorney been able to access the juvenile file and see the order Mrs. Brown was accused of violating, he would, at least, have been able to determine whether or not the allegations in the order to show cause related to requirements set forth in the juvenile court order. Without the benefit of the underlying file, and with a deficient order to show cause, Mrs. Brown's attorney did not have adequate notice of the essential facts requiring Mrs. Brown to appear and show cause why she should not be held in contempt.

[¶35]  The district court did not favor us with its rationale for refusing to allow Mrs. Brown's attorney access to the juvenile court file. Perhaps it believed the motion for access to the file should have been brought in juvenile court, the court responsible for maintaining that file. Or perhaps it thought that statutory confidentiality provisions barred such access. Wyo. Stat. Ann. § 14-6-203(g) provides:

> (g)  Except as provided by subsection (j) of this section [creating an exception for minors charged in municipal and circuit courts], all information, reports or records made, received or kept by any municipal, county or state officer or employee evidencing any legal or administrative process or disposition resulting from a minor's misconduct are confidential and subject to the provisions of this act. The existence of information, reports or records or contents thereof shall not be disclosed by any person unless:

14

> > (i) Disclosure results from an action brought or authorized by the district attorney in a court of public record;
> > (ii) The person the records concern is under eighteen (18) years of age, and in conjunction with one (1) of his parents or with the ratification of the court, authorizes the disclosure;
> > (iii) The person the records concern is eighteen (18) years of age or older and authorizes the disclosure[.]

The State argues that because Mrs. Brown was a party to the juvenile court action, she had direct access to the file, and she was presumptively served with the juvenile court order that is the subject of the contempt action. The confidentiality statute allows disclosure by "the person the records concern" if that person is over eighteen years old. That language is less than clear regarding the extent to which a parent can disclose the juvenile court record, even when that parent is named a party, as the juvenile and not the parent is arguably "the person the records concern." The State also argues that Mrs. Brown, along with her son, could authorize disclosure of the juvenile file pursuant to Wyo. Stat. Ann. § 14-6-203(g)(ii). But it is not a given that authorization from the son would have been forthcoming.

[¶36] Mrs. Brown's attorney reasonably sought permission to access the juvenile court file from the district court. To then ask his client to obtain the file and provide it to him, even assuming that was allowed under § 14-6-203(g)(iii), or to obtain permission for its release to him, would potentially have put the attorney in a position of either prematurely attempting to circumvent a request he had made to the court; or, if he attempted to do so after his motion was denied, circumventing an order of the court, which could have put him at risk of contempt.

[¶37] We will not interpret statutes in such a way as to render them meaningless or to produce absurd results. *Adekale v. State*, 2015 WY 30, ¶ 13, 344 P.3d 761, 765-66 (Wyo. 2015). It would indeed be an absurd result to prevent a parent's criminal contempt counsel from viewing the contents of the juvenile file, a file in which his client is a party and from which the criminal charges in the district court stem. This case was brought by the district attorney in the district court, a court of public record, and thus fits within the exception contained in § 14-6-203(g)(i). While disclosure did not "result from" the contempt action in this case, it should have. Due process requires the person subject to a criminal contempt action arising from alleged conduct in juvenile court and her attorney to have access to the juvenile file, including but not limited to the order alleged to have been violated. That may require the district attorney bringing or authorizing the action to

15

disclose such records with the district court filing, pursuant to § 14-6-203(g)(i).[6] The district court's deficient order to show cause and subsequent failure to grant Mrs. Brown's motion for access to the juvenile court file violated her due process right to notice of the charges against her.

## *CONCLUSION*

[¶38] Although Mrs. Brown's conditional plea was improper, we convert it to a writ of review to address the issues in this matter. The district court has concurrent jurisdiction over contempt actions arising from parties' conduct in juvenile court proceedings. Mrs. Brown's due process right to be notified of the charges against her such that she could prepare an adequate defense was violated by the district court when it issued its deficient order to show cause and when it failed to give her attorney access to the underlying juvenile file. We reverse and remand.

---

[6] Confidentiality regarding the juvenile and other minors could be preserved as necessary when contempt proceedings are brought in the district court with the use of protective orders, or application of rules governing redaction and the use of initials where appropriate. *See, e.g.*, *Circuit Court of the Eighth Judicial Dist. v. Lee Newspapers*, 2014 WY 101, ¶ 37, 332 P.3d 523, 533 (Wyo. 2014). Whether contempt proceedings are brought in juvenile or district court, the courts' maintenance of confidentiality has been inconsistent. The contempt actions in *C.N.*, *BD*, and *Bickerstaff* were all commenced in the juvenile court, yet confidentiality was not maintained in *Bickerstaff*. Likewise, the contempt actions in *EWR*, *Hultgren*, and the instant case, were brought in district court and confidentiality was maintained in *EWR*. While the question of confidentiality is not before us, we note that contempt proceedings brought in the juvenile court would most likely maintain confidentiality, as required by the juvenile statutes, thereby protecting the orders in and nature of the underlying juvenile proceedings that necessarily would be at issue. *See Matter of B.L.P.*, 345 N.W.2d 510, 516 (Wis. Ct. App. 1984) (holding that where a contempt action is based on disobedience of a juvenile dispositional order, use of delinquency procedures "would assure that the confidentiality guaranteed in other juvenile proceedings is carried over into the contempt proceedings").