FOX, Justice.
[¶1] Robert William Guty was a nurse at the Northern Wyoming Surgical Center in Cody, Wyoming. He was charged with sexually assaulting a sedated female patient while she was undergoing a surgical procedure on her foot. In response to Mr. Guty's Motion for Disclosure of 404(b) Evidence, the State filed its Notice of Intention to Use Specific Evidence, which described the testimony of five nurses whose suspicions about Mr. Guty had been aroused over the course of the previous two years by their observation that his hands seemed to be in places on unconscious female patients that were not medically necessary. The State also proposed to introduce into evidence a calendar in which one of the nurses had recorded some of these incidents. After a hearing, the district court determined that the testimony and evidence was admissible under W.R.E. 404(b). Mr. Guty entered a conditional plea pursuant to W.R.Cr.P. 11, in accordance to which he pled no contest and preserved the issue of the admissibility of the 404(b) evidence. The parties agreed that, if Mr. Guty prevailed in this appeal, "he may withdraw his plea ... and the State will move to dismiss this case with prejudice;" thus, a decision by this Court would "dispose of the case." We disagree that such a decision would be dispositive, and therefore reverse and remand.
[¶2] We have explained that a valid conditional plea contains four elements. Matthews v. State , 2014 WY 54, ¶ 15, 322 P.3d 1279, 1281 (Wyo. 2014). The existence of the first three elements is undisputed. The reservation of the right to appeal was made in writing, the State consented to the conditional plea, and the trial court approved it. Despite the State's consent to the conditional plea, on appeal it contests the existence of the fourth element, that the decision of this Court would "dispose of the case either by allowing the plea to stand or by such action as compelling dismissal of the [charges] or suppressing essential evidence." Id. (quoting Walters v. State , 2008 WY 159, ¶ 15, 197 P.3d 1273, 1277-78 (Wyo. 2008) ). See also Bouch v. State , 2006 WY 122, ¶ 28, 143 P.3d 643, 652 (Wyo. 2006).
[¶3] In Walters , we said that a defendant should not be "allowed to take an appeal on a matter which can only be fully developed by proceeding to trial." Id . at ¶ 15, 197 P.3d at 1277. This is particularly applicable to most 404(b) rulings. In contrast to evidence that is typically the subject of a motion to suppress (the fact that drugs were found is either admissible or it is not), 404(b) evidence can be unpredictable. It is not uncommon for the 404(b) evidence that is actually elicited at trial to differ from what was proffered at the pretrial hearing. Although a 404(b) ruling should be made pretrial pursuant to Gleason v. State , 2002 WY 161, ¶ 18 n.2, 57 P.3d 332, 340 n.2 (Wyo. 2002) (citing Howard v. State , 2002 WY 40, ¶ 23, 42 P.3d 483, 491 (Wyo. 2002) ), "at times, the trial court can only make a conditional 404(b) ruling pretrial, and must make a final ruling during trial after determining other evidentiary matters such as foundation." Garrison v. State , 2018 WY 9, ¶ 18 n.2, 409 P.3d 1209, 1215 n.2 (Wyo. 2018). In Volpi v. State , 2018 WY 66, ¶ 19, 419 P.3d 884, 890 (Wyo. 2018), we held that the district court abused its discretion when it made a pretrial order admitting 404(b) testimony without conditioning it upon any requirement that the State first lay the proper foundation. Here, one basis *1004 for the district court's ruling was that "the uncharged evidence is relevant and necessary to explain what prompted [the nurse who saw the assault] to act as she did in removing the blanket from the alleged victim and observed [sic] the charged offense." But that would only be a sound basis for admission if the question of what prompted the nurse to lift the blanket became an issue. On that point, only a trial would determine whether the evidence subject to a pretrial 404(b) ruling would ultimately be admitted.[1]
[¶4] Even if the parties could stipulate to the dispositive effect of the appellate court's ruling, in this case they have failed to agree on the effect of anything other than a straight affirmance or reversal of the district court's decision. For instance, how would the conditional plea be affected if this Court decided that the testimony of some, but not all the nurses, was admissible? What if we allowed the nurses' testimony, but not the calendar? The reason for our requirement that the issues reserved on a guilty plea be dispositive is to avoid the possibility of further judicial proceedings and a trial after substantial delay. Walters , 2008 WY 159, ¶ 19, 197 P.3d at 1278. We find the dispositive effect of rulings we might make on the issue preserved in this plea agreement to be too uncertain to satisfy the fourth element of our test, and therefore reverse and remand this matter to the district court with instructions to proceed in accordance with this opinion.

Mr. Guty points out, correctly, that we reviewed a 404(b) ruling on a conditional plea in Hart v. State , 2002 WY 163, 57 P.3d 348 (Wyo. 2002). But Hart , which predates Bouch , Walters , and Matthews , did not discuss the validity of the conditional plea, and is therefore of little precedential value on that issue.